82 F.3d 425
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Barbara D. FERGUSON, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner, Social Security
Administration,[1] Defendant-Appellant.
 No. 95-7115.
 United States Court of Appeals, Tenth Circuit.
 April 9, 1996.
 ORDER AND JUDGMENT[2]
 
 1
 Before BRORBY and BARRETT, Circuit Judges, and BRIMMER,*** District Judge.
 
 
 2
 BRIMMER, District Judge.
 
 
 3
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 4
 Claimant Barbara D. Ferguson appeals the district court's order affirming the denial of her application for social security disability benefits and supplemental security income (SSI) by the Secretary of Health and Human Services (Secretary). After her claim was denied administratively, a hearing was held before an administrative law judge (ALJ) who denied benefits at step five of the five-step sequential evaluation process. See Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir.1988)(discussing five steps). The ALJ concluded that although claimant was unable to return to her past employment as a bartender and convenience store cashier/bookkeeper, she retained the capacity to perform a significant number of sedentary jobs that exist in the national economy. The Appeals Council denied review.
 
 
 5
 Ms. Ferguson asserts disability since April 1993, due to obesity, back pain, abdominal pain, and mental problems. On appeal, Ms. Ferguson contends the Secretary improperly discounted her nonexertional impairments, and substantial evidence does not support the Secretary's conclusion that there exist a significant number of jobs she can perform.
 
 
 6
 We review the Secretary's decision to determine whether the findings of fact are supported by substantial evidence based on the entire record, and to ascertain whether she applied the correct legal standards, Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir.1994), but we do not reweigh the evidence, Hamilton v. Secretary of Health & Human Servs., 961 F.2d 1495, 1498 (10th Cir.1992). We affirm.
 
 
 7
 Ms. Ferguson contends that her complaints of disabling pain were improperly discounted. The ALJ must consider a claimant's complaints of pain once she has established by objective medical evidence that she suffers from a pain-producing impairment, and there is a loose nexus between that impairment and her subjective allegations of pain. Kepler v. Chater, 68 F.3d 387, 390 (10th Cir.1995)(citing Luna v. Bowen, 834 F.2d 161, 164 (10th Cir.1987)). Because those conditions were met here, the factors to be considered by the ALJ include the following:
 
 
 8
 the levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence.
 
 
 9
 Id. at 391 (quotation omitted).
 
 
 10
 The ALJ reviewed the medical evidence, considered Ms. Ferguson's daily activities, and assessed her credibility and motivation. He considered her work history, recognizing that her past employment had been sporadic, contrary to Ms. Ferguson's argument that he failed to take into account her sporadic work history. The ALJ also weighed and resolved the conflicting evidence regarding her pain medication. We conclude that substantial evidence supports the ALJ's finding that Ms. Ferguson's pain does not impair her ability to perform sedentary work.
 
 
 11
 Ms. Ferguson also claims the medical records demonstrate that she suffers from anxiety and depression as a result of her pain, referring to two brief references in notes of medical office visits. See Appellant's app., vol. II at 159, 206. She maintains that these references imposed a duty on the ALJ to develop a record on her mental impairment.
 
 
 12
 An ALJ has a duty to develop a record where there is evidence of a disabling condition, Carter v. Chater, 73 F.3d 1019, 1021-22 (10th Cir.1996), even where the claimant was represented by counsel, Baca v. Department of Health & Human Services, 5 F.3d 476, 479-80 (10th Cir.1993). Here, however, the medical records do not reflect that Ms. Ferguson has been diagnosed as suffering from anxiety, depression, or any other mental disorder. Furthermore, neither Ms. Ferguson nor her attorney brought to the ALJ's attention during the hearing that she suffers from mental problems. Cf. Carter, 73 F.3d at 1022 (ALJ has duty to develop record for impairments which come to his attention during hearing). We hold that the two vague, terse references to anxiety and depression on which Ms. Ferguson relies are insufficient to trigger a duty to develop the record. See id. (ALJ had duty to develop record where mental health professional had diagnosed claimant as suffering from mental impairment); Hill v. Sullivan, 924 F.2d 972, 974 (10th Cir.1991)(same).
 
 
 13
 Ms. Ferguson also alleges that the Secretary failed to meet her burden to establish that there are a significant number of jobs she can perform despite her limitations. She challenges the ALJ's use of the medical-vocational guidelines (grids), 20 C.F.R. pt. 404, subpt. P, app. 2, to determine that she is not disabled. "The ALJ's reliance on the grids was not error as the ALJ found plaintiff's testimony regarding [her] pain not fully credible." Castellano, 26 F.3d at 1030. Moreover, the vocational expert identified 1,313,000 sedentary jobs that Ms. Ferguson could perform that did not require twisting or turning, appellant's app., vol. II at 50-52, based on her testimony that she had no problem sitting, as long as she did not have to twist or turn, id. at 46.
 
 
 14
 We have carefully reviewed the record, and we have considered claimant's arguments in light of the record. We conclude that substantial evidence supports the Secretary's decision to deny claimant's application for disability benefits and SSI.
 
 
 15
 The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.
 
 
 
 [1]
 Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R.App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision
 
 
 [2]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 ***
 Honorable Clarence A. Brimmer, District Judge, United States District Court for the District of Wyoming, sitting by designation