**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 2 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

MARQUIS L. JONES,

      Plaintiff-Appellant,

v.

SHIRLEY S. CHATER,
Commissioner, Social Security
Administration,[*]

      Defendant-Appellee.

No. 96-5151
(D.C. No. 95-C-474-W)
(N.D. Okla.)

---

ORDER AND JUDGMENT[**]

---

Before BRORBY and KELLY, Circuit Judges, and CAUTHRON,[***] District
Judge.

---

[*]     Effective March 31, 1995, the functions of the Secretary of Health and
Human Services in social security cases were transferred to the Commissioner of
Social Security. P.L. No. 103-296. In the text we continue to refer to the
Secretary because she was the appropriate party at the time of the underlying
administrative decision.

[**]     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[***]     Honorable Robin J. Cauthron, District Judge, United States District Court
for the Western District of Oklahoma, sitting by designation.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Claimant Marquis L. Jones appeals from the order of the magistrate judge affirming the Secretary of Health and Human Services' denial of his application for supplemental security income benefits (SSI).[1]  Claimant, a thirty-four-year-old man with a GED, claims disability from June 1992, due to back pain and depression.

Claimant's application for SSI benefits was denied initially and on reconsideration.  Following a hearing, the administrative law judge (ALJ) denied claimant's application at step five of the sequential process applied to determine disability.  See Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988) (setting forth the five steps in detail).  The ALJ found that although claimant could not return to his past relevant work as a machinist helper or a truck driver, he retained the residual functional capacity to perform a full range of sedentary, light, and medium work.  The district court affirmed the decision of the Secretary, and claimant appeals.

---

[1]     By consent of the parties, this matter was assigned to a magistrate judge for adjudication.  See Fed. R. Civ. P. 73.

-2-

Our review of the Secretary's decision is limited to determining whether the decision is supported by substantial evidence and whether the Secretary applied correct legal standards. See Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994). "To find that the Secretary's decision is supported by substantial evidence, there must be sufficient relevant evidence in the record that a reasonable person might deem adequate to support the ultimate conclusion." Bernal v. Bowen, 851 F.2d 297, 299 (10th Cir. 1988). However, we may neither reweigh the evidence nor substitute our judgment for that of the Secretary. See id.

An individual is disabled within the meaning of the Social Security Act only if his impairments are so severe that he "is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A). If a claimant meets his burden of proving that he cannot return to his past work, the burden shifts to the Secretary to show that the claimant can perform other jobs in the national economy. Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

On appeal, claimant argues that (1) the ALJ's evaluation of claimant's mental impairment on the Psychiatric Review Technique Form was not supported by the evidence; (2) the ALJ erred in concluding that claimant's mental

impairment was not severe; (3) the ALJ failed to adequately develop the record as to claimant's I.Q.; and (4) the ALJ failed to adequately develop the record as to claimant's mental impairment. The only issue claimant raised to the district court was his contention that the ALJ failed to adequately develop the record as to his mental impairment. Because our scope of review is limited to those issues properly preserved and presented to the district court, the remaining issues are deemed waived. See Crow v. Shalala, 40 F.3d 323, 324 (10th Cir. 1994) The parties are familiar with the underlying facts, and we will not restate them here.

Where the evidence presented to the ALJ reveals that the claimant suffers from a mental disorder, but contains insufficient medical evidence to evaluate the disorder and its effects on the claimant's ability to work, the ALJ has a duty to further develop the record. See Carter v. Chater, 73 F.3d 1019, 1021-22 (10th Cir. 1996). Here, the record contains objective evidence supporting claimant's contention that he suffers from depression. Therefore, the ALJ had a duty to, and did, develop the record concerning claimant's depression. See id. at 1022.

The ALJ fulfilled his duty to develop the record by obtaining additional medical records as to material issues which came to his attention during the hearing testimony. See Carter, 73 F.3d at 1022. In conclusion, as developed, the record contained sufficient medical evidence to evaluate claimant's mental disorder.

-4-

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge