**Nelda CARTER, Plaintiff–Appellant,**

v.

**Shirley S. CHATER, Commissioner of Social Security,\* Defendant–Appellee.**

No. 95–5051.

United States Court of Appeals, Tenth Circuit.

Jan. 9, 1996.

---

\* Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103–296.

Pursuant to Fed.R.App.P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action.

Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

Mark E. Buchner, Tulsa, Oklahoma, for Plaintiff–Appellant.

Stephen C. Lewis, United States Attorney, Tulsa, Oklahoma, Joseph B. Liken, Acting Chief Counsel, Region VI, and Linda H. Green, Assistant Regional Counsel, Office of the General Counsel, Dallas, Texas, for Defendant–Appellee.

Before SEYMOUR, Chief Judge, McKAY, and LUCERO, Circuit Judges.

McKAY, Circuit Judge.

Nelda Carter appeals from an order of the district court affirming the Commissioner's decision denying her disability and Supplemental Security Income (SSI) benefits.[1] Ms. Carter filed for disability insurance benefits on July 11, 1990, and for SSI on November 14, 1990, alleging disability due to paroxysmal atrial tachycardia, a chronic peptic ulcer, gastrointestinal pain, and weakness in her left arm. Her requests were denied initially and on reconsideration. Following a de novo hearing on March 4, 1991, an administrative law judge (ALJ) determined that Ms. Carter was not disabled within the meaning of the Social Security Act and denied benefits. The Appeals Council denied Ms. Carter's request for review and she filed suit in district court. A United States Magistrate Judge affirmed the ALJ's decision, and Ms. Carter appealed to this court.

The Secretary has established a five-step evaluation process pursuant to the Social Security Act for determining whether a claimant is disabled within the meaning of the Act. *See Williams v. Bowen*, 844 F.2d 748, 750–52 (10th Cir.1988) (discussing five-step disability

test in detail). Here, the ALJ denied benefits at step five. He found that Ms. Carter retained the residual functional capacity to perform sedentary and light work, reduced by her need to work in a less stressful than average environment. He then applied the Medical–Vocational Guidelines, 20 C.F.R. § 404, Subpt. P, App. 2 (the grids) as a framework, considered testimony from a vocational expert, and concluded that Ms. Carter was not disabled.

■ Ms. Carter argues that the ALJ failed to advise her adequately of her right to counsel. The record reveals, however, that the ALJ did advise Ms. Carter of her right to counsel prior to the hearing, and that she waived that right. Appellant's App., Vol. I at 16. The notice of hearing, notice of denial, and notice of reconsideration sent to Ms. Carter also advised her of her right to representation. *Id.* at 15, 29, 76. While the customary and better practice would seem to be to place both the advisement and the waiver on the record during the hearing, neither the pertinent statute, *see* 42 U.S.C. § 406(c), nor the regulations, *see* 20 C.F.R. § 404.1706, nor our previous cases require any more advisement than was given in this case. *See Garcia v. Califano*, 625 F.2d 354, 356 (10th Cir. 1980).

■ Ms. Carter further argues that the ALJ failed to develop fully the record. We agree. "Although a claimant has the burden of providing medical evidence proving disability, the ALJ has a basic duty of inquiry to fully and fairly develop the record as to material issues." *Baca v. Department of Health & Human Servs.*, 5 F.3d 476, 479–80 (10th Cir.1993) (citations omitted). This duty is especially strong in the case of an unrepresented claimant. *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir.1992).

Although her applications did not mention depression, the evidence Ms. Carter submitted to the ALJ included an evaluation by Dr. Baum, performed December 6, 1989, in which he diagnosed her as suffering from "depression and associated neuropsychiatric symp-

1. After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed.R.App.P. 34(f) and 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

toms." Appellant's App., Vol. I at 209.[2] The ALJ acknowledged in his decision that Ms. Carter had alleged a "disabling psychiatric condition" of depression. *Id.* at 23. He rejected Dr. Baum's diagnosis, however, because it was "unsupported by any testing or even a clinical interview...." *Id.*

The existence of Dr. Baum's diagnosis required the ALJ to develop the record concerning depression. *Hill v. Sullivan,* 924 F.2d 972, 974–75 (10th Cir.1991). At the hearing, the ALJ asked Ms. Carter whether she had ever seen a psychiatrist or obtained counseling. Ms. Carter mentioned having consulted Dr. Foley for "job stress" in 1989. Appellant's App., Vol. I at 41. Dr. Baum's report indicated that Ms. Carter had recently been given two weeks of disability as the result of her consultation with Dr. Foley. *Id.* at 204. The ALJ did not inquire further, request any of Dr. Foley's reports or records, or order a consultative examination of Ms. Carter for depression.[3]

 An ALJ has the duty to develop the record by obtaining pertinent, available medical records which come to his attention during the course of the hearing. *See generally* 20 C.F.R. § 404.944; *Baker v. Bowen,* 886 F.2d 289, 291–92 (10th Cir.1989). The ALJ's only stated reason for discounting Ms. Carter's diagnosis of depression was that there were no medical tests to support it. However, he made no effort to obtain such tests or to determine what testing Dr. Foley might have performed. We therefore remand for further development of the record concerning Ms. Carter's claims of depression.

 Ms. Carter also asserts that the Secretary's decision is unsupported by substantial evidence. We review the Secretary's decision to determine whether the factual findings are supported by substantial evidence in the record viewed as a whole and whether the correct legal standards were applied. *Andrade v. Secretary of Health & Human Servs.,* 985 F.2d 1045, 1047 (10th Cir.1993). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Fowler v. Bowen,* 876 F.2d 1451, 1453 (10th Cir.1989) (quotation omitted).

 There is substantial evidence in the record to support the ALJ's findings that the effect of Ms. Carter's alleged paroxysmal atrial tachycardia, her peptic ulcer and the weakness or numbing in her arm, standing alone, did not render her disabled. On remand, however, after further development of the record, the ALJ should give consideration to whether Ms. Carter suffers from an affective disorder, as defined in 20 C.F.R. § 404, Subpt. P, App. 1, § 12.04, or a nonexertional mental impairment. Ms. Carter's mental impairments, if any, must be evaluated in combination with her physical impairments. *See Hargis v. Sullivan,* 945 F.2d 1482, 1492 (10th Cir.1991). If the ALJ again reaches his decision at step five, he should consider Ms. Carter's mental impairments, if any, in completing the Psychiatric Review Technique form, in evaluating Ms. Carter's residual functional capacity, and in framing a revised, hypothetical question to the vocational expert.

The judgment of the United States District Court for the Northern District of Oklahoma is REVERSED, and this case is REMANDED for further proceedings in accordance with this order and judgment.

---

**2.** Dr. Baum's evaluation notes psychiatric symptoms, including "[d]ifficulty concentrating, difficulty sleeping, fatigue and lack of energy, depression, anger, crying spells, loss of appetite, difficulty with work, anxiety, and nervousness." Appellant's App., Vol. I at 206.

**3.** On appeal, Ms. Carter presents us with records from Dr. Foley's consultations with her in 1989. The records show that he indeed performed psychological tests on her, including the Minnesota Multiphasic Personality Inventory (MMPI), and that the test results indicated depression. Appellant's App., Vol. III at 13. Although Ms. Carter raised the issue of failure to develop the record before the district court, she did not present Dr. Foley's records to the agency or to that court. Normally, we do not consider evidence presented for the first time on appeal. *See Selman v. Califano,* 619 F.2d 881, 884–85 (10th Cir.1980). Following this rule, we have not relied on these records in reaching our decision. We note, however, that they do tend to demonstrate that there may have been relevant evidence which the ALJ could have elicited by properly developing the record.