UNITED STATES COURT OF APPEALS
**Filed 6/6/96**
FOR THE TENTH CIRCUIT

JOAN REED,

      Plaintiff-Appellant,

v.

SHIRLEY S. CHATER, Commissioner,
Social Security Administration,*

      Defendant-Appellee.

No.  95-7152
(D.C. No. CV-94-571-S)
(E.D. Okla.)

ORDER AND JUDGMENT**

Before ANDERSON, LOGAN, and MURPHY, Circuit Judges.

---

\*      Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296.  Pursuant to Fed. R. App. Proc. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action.  Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

\*\*      This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34 (f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Appellant Joan Reed appeals from the denial of her application for disability insurance and supplemental security benefits. The district court reviewed the administrative denial of her claim and upheld the decision. Ms. Reed now argues that the administrative law judge (ALJ) who initially decided her case failed in his duty to develop the record fully. We affirm.

Ms. Reed, currently fifty-five years old, worked as a nurse's aid from 1989 to 1991. In September 1990 she injured her neck and shoulder while trying to lift a patient. It is this injury which Ms. Reed believes is the cause of her current alleged disability. She continues to suffer pain in her shoulder whenever she uses her left hand.

Since the date of the injury in 1990, Ms. Reed has consulted with several doctors about her condition. She originally was treated by Dr. R. Paul Chandler. Over the course of the next year Dr. Chandler treated Ms. Reed several times. Dr. Chandler also referred Ms. Reed to a Dr. Grillo, whom she allegedly visited twice during this same time period. Beginning in October of 1992, Ms. Reed made several emergency room visits to a Dr. Woodruff. In all, Ms. Reed visited Dr. Woodruff on three occasions, twice in October 1992 and once in March 1993. After filing her application for benefits on July 6, 1993, Ms. Reed was examined by Dr. Sam Brown.

2

Ms. Reed now alleges that the ALJ failed to obtain records from Dr. Woodruff, Dr. Grillo and from a Dr. Daucett who allegedly also treated Ms. Reed on one occasion. She claims that he failed in his duty to develop the record fully when he did not obtain or consider these records.

An ALJ has a duty to develop the record fully and fairly as to material issues. Carter v. Chater, 73 F.3d 1019, 1021 (10th Cir. 1996). Where necessary the ALJ must make an effort to obtain pertinent medical records. Id. at 1022. This duty is particularly strong when the claimant is not represented by counsel. Id. at 1021. Ms. Reed was not represented by counsel in the administrative stages of this case.

Our review of the record indicates that the administrative record was in fact fully and fairly developed. The ALJ clearly based his decision on the medical records of Dr. Chandler and Dr. Brown. Contrary to Ms. Reed's contentions, the record also reveals that the ALJ had before him and considered the medical records from two of the three visits to Dr. Woodruff. Both the hearing transcript and the ALJ's decision expressly reference these medical records. R., Vol. II at 39-40 (hearing transcript); R., Vol. II at 16 (ALJ decision). The administrative record itself contains Dr. Woodruff's reports. R., Vol. II at 133-34. The only missing records are from one visit to Dr. Woodruff, two visits to Dr. Grillo and an alleged visit to Dr. Daucett. Although these records may have been helpful, we cannot say that they were necessary. The ALJ had before him the records from Ms. Reed's original treating physician (Dr. Chandler), her last treating physician (Dr. Woodruff), and the recent report of Dr.

Brown. These records represent Ms. Reed's physical condition at the time of her injury, at the time of her application for benefits, and at the time shortly before the administrative hearing. In fact, the ALJ had before him almost all of Ms. Reed's medical reports. As such, the administrative record was certainly adequate in presenting the ALJ with a comprehensive view of Ms. Reed's physical condition. Thus, we conclude that the ALJ fully and fairly developed the record in this case.

The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.

Entered for the Court

Michael R. Murphy
Circuit Judge

4