**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 11 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

BETTY J. GIRDNER,

Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,[*]

Defendant-Appellee.

No. 97-7055
(D.C. No. 96-CV-99-S)
(E.D. Okla.)

ORDER AND JUDGMENT[**]

Before BALDOCK, BARRETT, and MURPHY, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

[*]     Pursuant to Fed. R. App. P. 43(c), Kenneth S. Apfel, the newly-appointed
Commissioner of Social Security, is substituted for Shirley S. Chater, former
Commissioner of Social Security, as the defendant in this action.

[**]     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Betty J. Girdner appeals from an order of the district court affirming the Commissioner's decision denying her application for social security disability benefits.  Ms. Girdner filed for disability benefits on June 30, 1993.  The alleged basis of her disability is major depression and bladder problems.  Her application was denied initially and on reconsideration.

Following a de novo hearing on June 21, 1994, an administrative law judge (ALJ) determined that she was not disabled within the meaning of the Social Security Act.  Ms. Girdner thereafter filed a complaint in district court, which affirmed the Commissioner's decision.  Ms. Girdner then appealed to this court.

We review the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record viewed as a whole and whether the correct legal standards were applied.  See Andrade v. Secretary of Health & Human Servs., 985 F.2d 1045, 1047 (10th Cir. 1993).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Fowler v. Bowen, 876 F.2d 1451, 1453 (10th Cir. 1989) (quotation omitted).

The Commissioner has established a five-step evaluation process for determining whether a claimant is disabled within the meaning of the Social

Security Act.  See Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five-step disability test).  The claimant retains the burden of proving disability throughout the first four steps of the process.  See id. at 751.

Here, the ALJ determined, at step four, that Ms. Girdner retained sufficient residual functional capacity (RFC) to allow her to return to her past relevant work as a senior interviewer at an employment office.  Ms. Girdner contends that this determination is flawed in several respects.

Ms. Girdner contests the ALJ's conclusion that her bladder problems (which include both incontinence and urinary retention) have only a minimal effect on her ability to work and are therefore not severe impairments.  In rejecting her claim of bladder problems, the ALJ relied on the lack of clinical or diagnostic evidence to support the existence of a urological impairment which would produce the symptoms to the degree Ms. Girdner indicated. See Appellant's App., Vol. II at 15.

The ALJ acknowledged that Ms. Girdner had been evaluated by a urologist for her bladder problems.  However, he rejected this evaluation as evidence of disability because the urologist's records were not made part of the record.  See id.  This was error.  An ALJ cannot conclude that an impairment is non-severe based on lack of medical evidence when he is aware that such evidence exists or may exist but simply has not been made part of the record.  He "has the duty to

develop the record by obtaining pertinent, available medical records which come to his attention during the course of the hearing." Carter v. Chater, 73 F.3d 1019, 1022 (10th Cir. 1996). The ALJ should have attempted to obtain and review the urologist's records before rejecting Ms. Girdner's alleged impairment based on lack of medical evidence. For this reason, we must reverse and remand for further development of the record and reconsideration regarding this impairment.

On remand, the ALJ should also reconsider his analysis of Ms. Girdner's alleged mental impairment. The ALJ rejected her treating psychologist's conclusion that Ms. Girdner frequently decompensates under pressure; however, he did not point to any objective evidence to support his own conclusion that such episodes occurred only "once or twice" in work or work-like settings. See Cruse v. United States Dep't of Health & Human Servs., 49 F.3d 614, 617-18 (10th Cir. 1995) (ALJ must discuss evidence used to reach conclusions on psychiatric review technique (PRT) form, and such conclusions must be supported by substantial evidence).

Moreover, although he completed the PRT form, the ALJ failed to comply with the remaining two steps in the mental RFC determination. See Winfrey v. Chater, 92 F.3d 1017, 1023-26 (10th Cir. 1996) (describing three-step process for evaluating impairments at step four). He did not make specific findings concerning the mental demands of Ms. Girdner's past relevant work, and he was

therefore unable to make appropriate findings about her ability to return to her past relevant work despite her mental impairment.

The judgment of the United States District Court for the Eastern District of Oklahoma is REVERSED, and this case is REMANDED for further proceedings in accordance with this order and judgment.

Entered for the Court

James E. Barrett
Senior Circuit Judge