**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 20 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

PEARLIE MAE SMITH,

    Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner
of Social Security Administration,

    Defendant-Appellee.

No. 98-5015
(D.C. No. 96-CV-806-M)
(N.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **BRORBY, McKAY,** and **BRISCOE** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore

ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Pearlie Mae Smith appeals the district court's affirmance of the decision of the Commissioner of Social Security terminating her disability insurance benefits. Upon consideration of the record and the parties' arguments, we reverse and remand this case for further proceedings.

In 1985, plaintiff was awarded disability benefits for a seizure disorder caused by a lesion in her right frontal lobe. In December 1993, she was notified that her benefits would cease due to improvement in her condition. After a February 1995 hearing, an administrative law judge (ALJ) determined that plaintiff's seizure disorder had improved, and that although she could not return to her former work, she had the ability to perform light work except for work requiring complex or detailed job instructions, operation of motorized vehicles, or exposure to unprotected heights, dangerous machinery, or open flames. The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. The district court affirmed the Commissioner's decision, and this appeal followed.

We review the Commissioner's termination of benefits to determine whether substantial evidence supports the decision and whether correct legal standards were applied. See Glenn v. Shalala, 21 F.3d 983, 984 (10th Cir. 1994). "We examine the record as a whole, including whatever in the record fairly detracts from the weight of the [Commissioner's] decision and, on that basis,

determine if the substantiality of the evidence test has been met." Id. (quotation omitted). Plaintiff argues that the Commissioner's decision is not supported by substantial evidence because the ALJ failed to develop the record regarding her mental impairment and failed to link his findings on the Psychiatric Review Technique Form (PRT) to specific evidence in the record.

Contrary to the ALJ's observations, the record contains numerous indications that plaintiff suffers from a mental impairment. In February 1992, treating physician Husain noted episodes where plaintiff would get very anxious and angry for no reason. He opined that these symptoms were due to anxiety and prescribed Xanax. See R. II at 119. In May 1992, Dr. Husain noted some depression and prescribed Desyrel, an antidepressant, in combination with the Xanax. See id. at 118. In June 1992, again noting plaintiff's anxiety, Dr. Husain increased her dosage of Xanax, see id., which she continued to take together with the Desyrel at least through August 1992, see id. at 116. In August 1993, January 1994, and February 1994, treating physician Tayara noted plaintiff's histrionic personality disorder. See id. at 143, 144, 150. In August 1994, Dr. Husain again treated plaintiff for anxiety, prescribing Klonopin. See id. at 8. In December 1994, a consulting physician noted plaintiff's treatment with "Effexol 37.5," which may actually have been Effexor 37.5, an antidepressant. See id. at 157.

In February 1995, plaintiff reported in her listing of medications both Zoloft and Trazodone, which are antidepressants. See id. at 170.

During the hearing before the ALJ, plaintiff testified that she had constant problems with nervousness, anxiety, and depression, and that she was currently being treated by psychiatrist Dr. Jin. See id. at 186, 188. She also testified that before beginning treatment with Dr. Jin, she underwent psychiatric treatment with Dr. Torrence for approximately fifteen months. See id. at 189. The record does not contain medical reports from either of these treating psychiatrists.

Although Dr. Husain, Dr. Tanaya, and the consulting physician made mention of plaintiff's mental impairment, none of them evaluated its effect on her ability to work. Nonetheless, the ALJ completed a PRT Form, concluding that plaintiff suffers from depression which slightly restricts her daily living activities and social functioning, often causes deficiencies of concentration, persistence or pace, and never causes episodes of deterioration or decompensation in work or work-like settings. See id. at 25-26.

In a termination case, the Commissioner bears the burden of proving both that a claimant's medical condition has improved so as to increase his or her ability to work, and that the claimant is currently able to engage in substantial gainful activity. See Glenn, 21 F.3d at 987; 20 C.F.R. 404.1594(a). As in the disability context, the Commissioner has a duty to develop the record to ensure

that his or her decision is supported by substantial evidence. See 42 U.S.C. § 423(d)(5)(B) (requiring Commissioner, when determining whether a claimant "continues to be under a disability," to develop a complete medical history of at least the twelve-month preceding period, and requiring the Commissioner to "make every reasonable effort to obtain from the [claimant's] treating . . . health care provider . . . all medical evidence . . . necessary in order to properly make [a disability determination]") .

Because none of the medical records contain evidence as to the effect of plaintiff's mental impairment on her ability to work, records from her treating psychiatrists would seem necessary to determine plaintiff's ability to engage in substantial gainful activity. The ALJ's failure to obtain these records breached his duty to develop the record. See Carter v. Chater , 73 F.3d 1019, 1021-22 (10th Cir. 1996) (holding ALJ failed to develop record adequately regarding claimant's depression when he did not obtain pertinent available medical records that came to his attention during hearing). Further, without plaintiff's psychiatric treatment records, the ALJ lacked substantial evidence upon which to base his evaluation of plaintiff's mental impairment. See Washington v. Shalala , 37 F.3d 1437, 1442 (10th Cir. 1994) ("There must be competent evidence in the record to support the conclusions recorded on the PRT form and the ALJ must discuss in his opinion the evidence he considered in reaching the conclusions expressed on

the form.") (quotations and alterations omitted).  Finally, in the absence of such evidence, the Commissioner could not meet his burden of showing that plaintiff is able to engage in substantial gainful activity.

The Commissioner argues that the ALJ was not obligated to obtain plaintiff's medical records because she was represented by counsel at the hearing, citing <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1167-68 (10th Cir. 1997).  This case is strikingly different than <u>Hawkins</u>, however, because in this case it was not plaintiff's burden to prove she cannot engage in substantial gainful activity, but the Commissioner's burden to show that she can.  Therefore, plaintiff's representation by counsel is irrelevant, as counsel did not have the duty to develop the Commissioner's case.

The judgment of the United States District Court for the Northern District of Oklahoma is REVERSED and the case is REMANDED for further proceedings.

Entered for the Court

Monroe G. McKay
Circuit Judge

-6-