**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 16 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

WILLIAM L. FROMME,

         Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,

         Defendant-Appellee.

No. 98-7098
(D.C. No. 97-CV-138-S)
(E.D. Okla.)

---

**ORDER AND JUDGMENT** [*]

---

Before **BRORBY** , **EBEL** , and **BRISCOE** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

[*]     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Claimant William L. Fromme appeals from the district court's order affirming the decision of the Commissioner of Social Security denying his application for supplemental security income benefits. We exercise jurisdiction pursuant to 28 U.S.C. §1291 and affirm.

## BACKGROUND

Mr. Fromme applied for benefits on April 28, 1995, when he was thirty-nine years old, alleging disability beginning February 1, 1995. On a disability report filed April 28, 1995, claimant listed his impairments as "trouble with stomach, back, [and] breathing," with no mention of a mental impairment. Appellant's App. Vol. II at 73. He also stated that he had "not been to a doctor in several years." Id. at 74. Later, in requesting a hearing, he added no supplementary information about medical treatment, examination, or hospitalization, and stated that the only change in his condition was that his heart fluttered when he was overheated. See id. at 87-88.

Claimant's medical records, primarily from September 1995, show a normal upper GI series, requests for medication for high blood pressure and cramps, and weight loss. See id. at 100-09. The Commissioner ordered a consultative medical examination. The examining physician's report recited claimant's history of a severe abdominal injury resulting from a 1974 motor vehicle accident and complaints of back pain and shortness of breath. Claimant had not been

-2-

readmitted for abdominal problems since 1974 and had never seen a physician for back problems. The physician also noted motor vehicle and criminal charges related to intoxication and claimant's statement that he had been referred to a mental institution for hallucinations about one and a half years earlier. The examination disclosed abdominal and back tenderness, abdominal scars, and cigarette abuse; it did not reveal abnormalities in gait, neck, and back or severe respiratory distress. See id. at 92-93.

At the hearing before the ALJ, held January 8, 1996, Mr. Fromme appeared pro se and testified about symptoms related to his abdominal, back, and breathing complaints. He also testified that he had undergone in-patient treatment for alcohol abuse, but asserted that his alcohol problem had been under control for three months and, in any event, it had never interfered with his ability to work.

Agency regulations establish a five-step sequential analysis to evaluate disability claims. See Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988). Here, the administrative law judge (ALJ) reached step five of the analysis, determining that, although claimant could not return to his past relevant work, he could perform other work available in the national economy. The ALJ found that claimant had recurrent gastritis and musculoskeletal back pain, impairments which are severe but which do not meet or equal the criteria of any listed impairment, see 20 C.F.R. pt. 404, Subpt. P, App. 1, and that he was unable to perform his past

relevant work as a carpenter and a laborer.  Finding that claimant's statements concerning his impairments and their impact on his ability to work were not fully credible, the ALJ concluded that claimant, a younger individual with a limited education and skills which may be transferable, could still perform the full range of light work.  Relying on the Medical-Vocational Guidelines, 20 C.F.R. pt. 404, Subpt. P, App. 2, table 2, rule 202.19, the ALJ determined that there were other jobs claimant could perform and thus he was not disabled.

After considering additional argument submitted by newly retained counsel for claimant, the Appeals Council denied review, thus making the ALJ's decision the final decision of the Commissioner.  Claimant filed suit in district court and the court, adopting the magistrate judge's findings and recommendation, affirmed the agency's denial of benefits.

**DISCUSSION**

On appeal, claimant makes three related arguments.  He contends that the ALJ breached his duty to develop the record for a pro se claimant by failing to obtain records of physical and mental treatment, and also by failing to order a consultative mental examination and ask appropriate questions at the administrative hearing.  As a result, he asserts, the ALJ did not have the evidence necessary to meet the Commissioner's step-five burden of showing he retained the functional capacity to work.  Additionally, claimant argues that in affirming the

-4-

ALJ's decision, the district court failed to analyze the case under the correct step-five burden.

Our review of the agency's decision is limited to determining whether the decision is supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. See Castellano v. Secretary of Health & Human Servs. , 26 F.3d 1027, 1028 (10th Cir. 1994). A claimant is responsible for furnishing medical evidence of claimed impairments, see 20 C.F.R. § 404.1512(a), (c), but the Commissioner also has the duty to ensure that an adequate record is developed relevant to the issues raised, see Hawkins v. Chater , 113 F.3d 1162, 1164 (10th Cir. 1997). "This duty is especially strong in the case of an unrepresented claimant." Carter v. Chater , 73 F.3d 1019, 1021 (10th Cir. 1996). To require further investigation, however, a claimant must raise the issue to be developed and show that it is substantial. "Specifically, the claimant has the burden to make sure there is, in the record, evidence sufficient to suggest a reasonable possibility that a severe impairment exists." Hawkins , 113 F.3d at 1167.

With regard to ordering a consultative examination, the Commissioner "has broad latitude." Diaz v. Secretary of Health & Human Servs. , 898 F.2d 774, 778 (10th Cir. 1990). "When the claimant has satisfied his or her burden" of presenting evidence suggestive of a severe impairment, "then, and only then, [it]

becomes the responsibility of the ALJ to order a consultative examination if such an examination is necessary or helpful to resolve the issue of impairment." Hawkins , 113 F.3d at 1167.

Here, claimant did not identify any evidence of treatment for medical or mental impairments, much less demonstrate its relevance to a substantial issue. As to a consultative mental examination, claimant never asserted that he had a mental impairment, and did not claim that his alcohol abuse contributed to his disability. On this record, evidence of treatment for alcohol abuse, without more, does not suggest a reasonable possibility of severe mental impairment requiring further investigation.

Neither claimant's history nor his testimony implicated the ALJ's duty to develop the record by obtaining existing records, ordering a consultative mental examination, or asking additional questions at the hearing. Because claimant did not raise a substantial issue concerning nonasserted impairments, the ALJ did not breach the duty to develop the record, even taking into account the added burden that applies to an unrepresented claimant.

Because we do not accept claimant's contention that the ALJ failed to adequately develop the record, we also reject the corollary assertion that an absence of medical evidence prevented the Commissioner from meeting his step-five burden of showing that claimant could work despite his alleged impairments.

The report of the consultative examination, along with claimant's testimony at the hearing, provide substantial evidence supporting the ALJ's finding that claimant could perform the full range of light work. Accordingly, the ALJ correctly applied the Medical Vocational Guidelines to determine that plaintiff was not disabled.

Finally, we reject claimant's argument concerning the district court's disposition of this case. Contrary to plaintiff's assertion, the fact that this case was resolved at step five does not alter our analysis in this case with respect to the ALJ's duty to develop the record.

The judgment of the district court is AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge