**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 24 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

VERONICA JARAMILLO,

Plaintiff-Appellant,

v.

LARRY G. MASSANARI, Acting
Commissioner of Social Security,

Defendant-Appellee.

No. 01-2033
(D.C. No. CIV-99-1425 LH/LCS)
(D. N.M.)

---

**ORDER AND JUDGMENT** *

---

Before **TACHA** , Chief Judge, **BALDOCK** , Circuit Judge, and **BRORBY** , Senior
Circuit Judge.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Veronica Jaramillo appeals from an order of the district court affirming the Commissioner's determination to terminate his prior award of Social Security disability benefits.[1]  We affirm.

We review the Commissioner's decision to terminate benefits to determine whether substantial evidence supports the decision and whether correct legal standards were applied.  Glenn v. Shalala, 21 F.3d 983, 984 (10th Cir. 1994). "We examine the record as a whole, including whatever in the record fairly detracts from the weight of the [Commissioner's] decision and, on that basis, determine if the substantiality of the evidence test has been met."  Id. (quotation omitted).

An eight-part sequential evaluation process is used in termination reviews. See 20 C.F.R. § 404.1594(f)(1) through (8).  The Commissioner bears the burden of showing medical improvement by establishing that the claimant's medical condition has improved, the improvement is related to a claimant's ability to work, and the claimant is currently able to engage in substantial gainful activity. Glenn, 21 F.3d at 987 (citing regulations).  In deciding whether to terminate benefits, a claimant's impairments are considered together.        See id.

---

[1]      After a claimant has been awarded disability benefits, the Commissioner is required to review the case periodically to determine whether there has been any medical improvement in the claimant's condition and whether that improvement affects the claimant's ability to work.      20 C.F.R. § 404.1594(a).

Ms. Jaramillo was originally found to be disabled as of December 11, 1991, due to sacroiliac arthritis, chronic pain syndrome, fibrositis, and depression; the result of automobile accidents in 1990. Her disability was determined to have ceased as of September 1, 1996, after the administrative law judge (ALJ) ascertained she was not disabled as she could return to her prior work. See § 404.1594(7). Ms. Jaramillo had previously been employed by the New Mexico Department of Labor as an interviewer.

On appeal, Ms. Jaramillo argues that the ALJ should have obtained current medical evidence in order to secure an intelligent and voluntary waiver of her right to counsel or, in the alternative, should have conducted a full and fair hearing. She also contends the ALJ's finding that her depression had improved was not supported by substantial evidence and any improvement of her depression was not related to her ability to work. She asserts her testimony was credible and she does not have the residual functional ability to perform her past job.

Ms. Jaramillo argues her waiver of representation was not intelligent and voluntary. Ms. Jaramillo admitted she had been sent a notice advising her of her right to representation and she waived that right. App., Vol. II at 28. Neither the pertinent statute, see 42 U.S.C. § 406(c), nor the regulations, see 20 C.F.R. § 404.1706, nor our previous cases require any more advisement than was given in

-3-

this case, see Carter v. Chater, 73 F.3d 1019, 1021 (10th Cir. 1996). Consequently, the advisement satisfied the Commissioner's duty.

Ms. Jaramillo is correct in stating that the Commissioner has the duty to develop an adequate record relevant to the issues raised. See Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997). "This duty is especially strong in the case of an unrepresented claimant." Carter, 73 F.3d at 1021. The claimant is responsible, however, for furnishing medical evidence of claimed impairments. See 20 C.F.R. § 404.1512(a), (c). Ms. Jaramillo looked at the record submitted to the ALJ and did not indicate that she disagreed with any of the materials in the record or that any records were missing. She has not identified medical providers from whom records were missing nor did she ask assistance in obtaining any records. On appeal, she has failed to identify the evidence she claims the ALJ should have obtained. The ALJ did not violate the duty to develop the record.

Ms. Jaramillo argues that the ALJ did not compare her physical impairments at the time she was awarded benefits with her current physical impairments. She admits, however, that the ALJ did determine that her physical condition had not improved. The residual functional ability forms from 1992, R. Vol. II, at 267, and 1996, id. at 176, show that Ms. Jaramillo retained the same physical functional abilities.

She also contends that the ALJ's finding that her depression had improved was not supported by substantial evidence and any improvement of her depression was not related to her ability to work. The psychiatric review technique form of 1992 shows that Ms. Jaramillo suffered from a depressive syndrome with four manifestations and experienced slight to moderate restrictions in her daily activities due to her psychiatric symptoms; she had decompensated in work settings several times. Id. at 283, 287. The form from 1996 shows that her limitations in activities were due to her physical problems, not her psychiatric symptoms and that she did not decompensate. Id. at 173. Further, Dr. Balcazar, an examining physician, noted that she could plan a work sequence and perform one- or two-step repetitive tasks at a competitive rate. Id. at 157. Dr. Cowley, a consulting psychiatrist concluded "there is medical improvement of her mental impairment that is now non-severe." Id. at 198.

Ms. Jaramillo asserts her testimony was credible and no physician has questioned the veracity of her descriptions of her pain. "Credibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995) (quotation omitted). In evaluating a claimant's credibility regarding pain, the ALJ must consider the level of medication the claimant uses and its effectiveness, the claimant's attempts to

obtain relief, the frequency of medical contacts, the claimant's daily activities, subjective measures of the claimant's credibility, "and the consistency or compatibility of nonmedical testimony with objective medical evidence." Id. at 391 (quotation omitted). The inability to work pain-free is not sufficient reason to find a claimant disabled. See Gossett v. Bowen, 862 F.2d 802, 807 (10th Cir. 1988).

The medical evidence does not support a finding that Ms. Jaramillo's pain is disabling. Ms. Jaramillo did not visit a physician from 1993 until 1996, about the time she received notification that her benefits were being terminated. R. Vol. II, at 35, 36. Her testimony of her daily activities is not compatible with the medical records. We will not disturb the ALJ's credibility finding.

Finally, Ms. Jaramillo contends she does not have the residual functional ability to perform her past job. The VE testified that Ms. Jaramillo's previous work was performed at the sedentary level and was of a skilled nature. The ALJ determined that Ms. Jaramillo could work at the light level. No error occurred because t he record contains substantial evidence to support the ALJ's determination.

The judgment of the United States District Court for the District of New Mexico is AFFIRMED.

Entered for the Court


Deanell Reece Tacha
Chief Judge