**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 10 2005**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

KATHERINE E. EACRET,

      Plaintiff-Appellant,

v.

JO ANNE B. BARNHART,
Commissioner, Social Security
Administration,

      Defendant-Appellee.

No. 04-5062
(D.C. No. 03-CV-329-J)
(N.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **HARTZ** , and **BALDOCK** , Circuit Judges, and **BRIMMER** ,** District
Judge.

---

      After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

**     The Honorable Clarence A. Brimmer, District Judge, United States District
Court for the District of Wyoming, sitting by designation.

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Claimant Katherine E. Eacret appeals the district court's order affirming the Commissioner's decision to deny her application for a closed period of disability. Ms. Eacret alleged she was disabled from February 1996 to March 2000 due to hypertension, hyperthyroidism, heart disease, dizziness, black-outs, spine and leg pain, anxiety with chest pain, and depression. At step four of the five-step sequential evaluation process, *see Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps), an administrative law judge (ALJ) determined that Ms. Eacret could perform a wide range of medium work, including her past work as a certified nurse's aide and certified medication aide, during the period in question. Accordingly, the ALJ held that Ms. Eacret had not been disabled within the meaning of the Social Security Act and was, therefore, not entitled to benefits. Ms. Eacret appealed to the district court, where a magistrate judge affirmed the denial of benefits. We have jurisdiction over her appeal to this court under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291. We affirm.

*Inadequate Framing of the Issues*

Before we consider the substantive claims, we state our concern with Ms. Eacret's failure properly to frame the issues presented on appeal. The single "issue" presented for our review is, instead, a blend of several claimed errors.

-2-

The argument suffers from a similar lack of organization and specificity, combining various claims of error and their respective standards of review. Consequently, we are left to comb through the briefs and the record to ascertain not only what Ms. Eacret is arguing, but whether the agency committed any error. This is a dangerous practice, because we are not required to speculate on what a party is arguing or to craft her arguments for her. *Threet v. Barnhart*, 353 F.3d 1185, 1190 (10th Cir. 2003) (holding appellate argument insufficiently developed; declining to speculate on what evidence appellant claimed was ignored); *Perry v. Woodward*, 199 F.3d 1126, 1141 n.13 (10th Cir. 1999) (stating appellate court "will not craft a party's arguments for him"). The brief is inadequate for an additional reason: it does not state specifically what errors were committed and why they require reversal. A simple claim of error is insufficient; instead, error must be *reversible* to warrant relief from this court.

Nevertheless, in order to afford Ms. Eacret a fair review, we have reviewed the briefs and the record. *Cf. Starnes v. Smith*, 37 F.3d 1455, 1456 (10th Cir. 1994) (reviewing merits despite appellant's failure to comply with rules for briefing; referring matter for disciplinary proceedings against attorney). We construe appellant's issue on appeal to assert the following errors: (1) the ALJ failed to consider and discuss relevant evidence, (2) the ALJ failed to explain the weight, if any, he gave Ms. Eacret's treating physician's opinion, (3) the ALJ's

evaluation of Ms. Eacret's mental impairment was flawed, and (4) the ALJ failed to consider Ms. Eacret's impairments in combination.

*Standards of Review*

We review the Commissioner's decision to determine whether the factual findings are supported by substantial evidence and whether the correct legal standards were applied. *Threet*, 353 F.3d at 1189. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004) (further quotation omitted).

*Relevant Evidence ALJ Allegedly Ignored*

Ms. Eacret claims the ALJ failed to discuss most of the relevant medical and psychological evidence. "The record must demonstrate that the ALJ considered all of the evidence, but an ALJ is not required to discuss every piece of evidence." *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996).

Ms. Eacret has listed many pages from the administrative record she claims contain medical findings and opinions that were significantly probative on the issue of whether she could perform medium work. She has not identified the nature of those findings and opinions, however. Nevertheless, we have laboriously reviewed the pages listed. Contrary to Ms. Eacret's claim, these records do not contain significantly probative medical findings and opinions.

-4-

Rather, they demonstrate only that Ms. Eacret regularly sought medical treatment for consistent problems and that she tried a variety of medications with varying results. Contrary to Ms. Eacret's assertion, the ALJ discussed the medical and psychological evidence. Moreover, the evidence in question did not conflict with the ALJ's conclusion that Ms. Eacret could perform medium work. *See Howard v. Barnhart*, 379 F.3d 945, 947 (10th Cir. 2004) ("When the ALJ does not need to reject or weigh evidence unfavorably in order to determine a claimant's [residual functional capacity], the need for express analysis is weakened."). Accordingly, the Commissioner's decision will not be set aside on this ground.

*Treating Physician's Opinion*

An ALJ must explain what weight he gave the opinion of a treating physician, and he must explain the reasons for discounting such an opinion. *See Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004) (discussing procedure for evaluating treating physician's opinion).

Ms. Eacret alleges that the ALJ discounted or disregarded the opinion of her treating physician. She relies on assorted treatment notes pertaining to her high blood pressure, a note following her hospitalization in June 1996 stating she was restricted from lifting more than ten pounds upon her release, and a treatment note dated December 1, 1997, in which her physician noted that she was "released to return to work slowly," R. Vol. II, at 209. Based on this array of treatment

notes, Ms. Eacret argues that her physician was of the opinion that she could not work between February 1996 and December 1997. The physician did not state such an opinion, however, and the ALJ was not required to treat the collection of treatment notes as a medical opinion that Ms. Eacret was unable to work.

*Mental Impairment*

Ms. Eacret claims that the ALJ erred in evaluating her mental impairment. She asserts that because he mistakenly concluded that she had not been treated consistently with psychotropic medication, he erroneously determined that she did not have a severe mental impairment. She also complains that the ALJ failed to develop the record regarding her mental impairment.

Contrary to Ms. Eacret's claim, the ALJ based his determination of her mental impairment on several factors, and he recognized that Ms. Eacret had been prescribed psychotropic medication, although he did not list every such medication she had been prescribed. *See Howard*, 379 F.3d at 947 (ALJ not required to list every evidentiary item). He noted that there were no objective medical or psychological test results to verify Ms. Eacret's depression, no mental health professional ever diagnosed Ms. Eacret as suffering from major depression, she did not receive any mental health therapy, and there was no evidence that her depression and anxiety caused any significant work-related limitations. Consequently, we conclude that the ALJ's determination that Ms. Eacret did not

-6-

suffer from a severe mental impairment is supported by substantial evidence in the record as a whole.

Ms. Eacret also contends that the ALJ failed in his duty to develop the record regarding her mental impairment. She claims that her long-term treatment for depression, coupled with physical conditions that can cause psychological problems (hypertension, hyperthyroidism, obesity), required the ALJ to obtain a psychiatric opinion. In addition, she argues that the medical expert who testified at her hearing, Dr. Krishnamurthi, was not a psychiatrist, so he could not offer an opinion on her mental impairments.

Before an ALJ is required to obtain additional evidence on a claimant's condition, there "must be the presence of some objective evidence in the record suggesting the existence of a condition which could have a material impact on the disability decision requiring further investigation." *Hawkins v. Chater*, 113 F.3d 1162, 1167 (10th Cir. 1997). We consider whether the evidence "should have alerted the ALJ to the need for more testing." *Id.* at 1169.

As discussed above, no objective medical or psychological evidence provided a basis for a conclusion that Ms. Eacret suffered from disabling major depression. In addition, Ms. Eacret's depression could reasonably be expected to be temporary because it was often reported, as the ALJ noted, as brought on by transient circumstances such as her mother's death and disagreements with her

daughter. In addition, a psychiatric review technique (PRT) form completed in January 1997 coincides with the ALJ's findings on her ability to function. *Compare* R. Vol. II, at 183-84 *with id*. at 291. [1]

Moreover, Ms. Eacret's counsel did not ask the ALJ to obtain a psychiatric opinion. *See Hawkins*, 113 F.3d at 1167 ("[I]n a counseled case, the ALJ may ordinarily require counsel to identify the issue or issues requiring further development."). Finally, there was no error in allowing Dr. Krishnamurthi's testimony because he did not offer an opinion on Ms. Eacret's mental condition. *See* R. Vol. II, at 476, 480, 487 (Dr. Krishnamurthi's testimony indicating he had reviewed the treatment notes containing complaints of depression, as well as the PRT form; giving no opinion on Ms. Eacret's mental condition). Accordingly, we conclude that the ALJ acted within the "broad latitude" afforded the agency in declining to investigate or produce evidence on this issue. *See Hawkins*, 113 F.3d at 1166.

*Combination of Impairments*

Finally, we address Ms. Eacret's claim that the ALJ failed to consider her impairments in combination. An ALJ must evaluate a claimant's mental

---

[1] Ms. Eacret discounts this evidence on the ground that her symptoms developed after the PRT form was completed. But her claims of depression and anxiety appeared in the treatment notes prior to that time. Therefore, the PRT form was within a relevant time frame.

impairments, if any, in combination with her physical impairments. *Carter v. Chater*, 73 F.3d 1019, 1022 (10th Cir. 1996).

Ms. Eacret claims that the ALJ failed to consider whether she was disabled by the combination of her depression and anxiety disorder with her uncontrollable hypertension. She points to evidence that stress and physical exertion raised her blood pressure. While this may have been the case, it does not indicate that the ALJ failed to consider the combination of her impairments. The ALJ determined that her hypertension was not disabling. This determination can fairly be read to encompass the effect of stress and exertion on her blood pressure, and is supported by substantial evidence.

*Conclusion*

The judgment of the district court is AFFIRMED.

Entered for the Court

Bobby R. Baldock
Circuit Judge