**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 12, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JAMES L. KANELAKOS,

      Plaintiff-Appellant,

  v.

MICHAEL J. ASTRUE,[*]
Commissioner of the Social Security
Administration,

      Defendant-Appellee.

No. 06-6123
(D.C. No. 04-CV-1579-M)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[**]

---

Before **O'BRIEN**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and
**BROWN**,[***] District Judge.

---

[*]    Pursuant to Fed. R. App. P. 43(c)(2), Michael J. Astrue is substituted for
Jo Anne B. Barnhart as appellee in this action.

[**]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[***]    The Honorable Wesley E. Brown, Senior District Judge, District of Kansas,
sitting by designation.

Plaintiff-appellant James Kanelakos applied for disability insurance benefits alleging numerous mental and physical impairments. After initial denials, Mr. Kanelakos and his representative appeared at a hearing on June 10, 2004, before an administrative law judge (ALJ). The ALJ determined that Mr. Kanelakos was not disabled within the meaning of the Social Security Act, in that he was physically capable of performing his past relevant work of probation officer and computer sales representative. The Appeals Council denied review and plaintiff appealed to the district court, which affirmed the decision of the Commissioner.

Mr. Kanelakos now appeals to this court. We have jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291. In reviewing the ALJ's decision, we "determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). We reverse and remand with instructions to remand to the Commissioner.

## Mental Impairments

Three of Mr. Kanelakos' appellate arguments relate primarily to the ALJ's evaluation of his mental impairments. Mr. Kanelakos, a 60-year-old Vietnam-era veteran, was diagnosed with depression in October 2000. In the following months and years, he received treatment (including multiple psychotropic medications) for depression, post-traumatic stress syndrome, panic attacks, and anxiety disorder,

often from mental-health providers at a medical center operated by the Department of Veterans Affairs (VA). A physicians' assistant at the VA medical center monitored Mr. Kanelakos' mental health using the Global Assessment of Functioning (GAF) numeric scale. In December 2002, she rated his GAF score at 47-50, indicating "serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job)." *Diagnostic and Statistical Manual of Mental Disorders* 30 (Text Revision 4th ed. 2000) (emphasis omitted).

Mr. Kanelakos applied for disability compensation from the VA benefits administration on March 6, 2002. In October of that year, the VA determined that he had a 70% disability attributable to the mental impairment of post-traumatic stress disorder with depression and a 100% combined rating when his physical impairments and unemployability were taken into consideration. This evaluation was reached after a review of Mr. Kanelakos' medical records. One month later, Mr. Kanelakos officially left his employment as a juvenile probation officer.

From December 2002 through March 2003, the medical records depict Mr. Kanelakos as stable with few complaints about his social or mental functioning. The VA physicians' assistant continued assessing Mr. Kanelakos' GAF. In December 2003, she noted that his GAF score had increased to 60, suggesting "[m]oderate symptoms (e.g., flat affect and circumstantial speech, occasional panic attacks) or moderate difficulty in social, occupational, or school functioning (e.g., few friends, conflicts with peers or co-workers)." *Id.* (emphasis

omitted).  By March 2004, the physicians' assistant determined that Mr. Kanelakos' GAF score had improved to 65, indicative of "mild symptoms" or "some difficulty in social, occupational, or school functioning (but generally functioning pretty well)." *Id.* (emphasis omitted).

Meanwhile, Mr. Kanelakos' social security case was proceeding.  Two non-examining psychologists performed a review of the medical record.  The first psychologist completed a psychiatric review technique form (PRT) categorizing Mr. Kanelakos' mental impairment as nonsevere, situational depression as of February 2003.  A second psychologist concurred in June 2003.  The ALJ held a hearing on June 10, 2004, at which Mr. Kanelakos testified to depression, anxiety, intense mood swings, apprehension in crowds, and difficulties with authority figures (particularly his former supervisor in the probation department).

In the decision denying benefits, the ALJ acknowledged Mr. Kanelakos' entitlement to VA disability benefits, but noted only that "[t]he VA disability program differs from the Social Security Administration's standard of review and determination for disability determination purposes." Aplt. App., Vol. II at 18.  The ALJ also briefly discussed some of the evidence concerning mental impairments, and found that Mr. Kanelakos' depression, post-traumatic stress syndrome, and anxiety were controlled with medication, as evidenced by the 2004 GAF score of 65.  In the ALJ's view, Mr. Kanalekos' testimony concerning his difficulty in social functioning was not fully consistent or credible.  At step two of

the sequential process, the ALJ determined that Mr. Kanalekos had shown some severe physical impairments, but not a severe mental impairment.

On appeal, Mr. Kanalekos disputes this aspect of the ALJ's decision. He argues that the ALJ erred in (1) failing to give appropriate consideration to the VA disability rating; (2) deciding that his mental impairments were not severe; and (3) failing to develop the record on his mental impairments. Mr. Kanalekos' arguments are legitimate.

With regard to the VA's disability determination, the general rule is that it is not binding on the Social Security Administration (SSA). 20 C.F.R. § 404.1504. Nevertheless, "it is evidence that the ALJ must consider and explain why he did not find it persuasive." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). In his decision, the ALJ mentioned the VA rating and appropriately stated that the SSA and VA standards differ. But he completely "fail[ed] to discuss the significance of the VA's disability evaluation." *Id.* at 1263. This is a clear violation of the *Grogan* holding and compels a remand to allow the ALJ to explain his reasons for rejecting the VA's view of the medical evidence.

This fundamental *Grogan* error is compounded by the ALJ's determination that Mr. Kanelakos had not shown that his diagnosed mental impairments were severe at step two of the evaluation process. At step two, a claimant bears the burden of making "a threshold showing that his medically determinable impairment or combination of impairments significantly limits his ability to do

basic work activities." *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988).

"[T]his is a de minimus showing." *Grogan*, 399 F.3d at 1263 (quotation omitted).

Here, as in *Grogan*, "the ALJ's failure to discuss the significance of the VA's

disability evaluation in concluding that [claimant] had not met the 'de minimus'

required showing of a severe impairment at step two was reversible error." *Id.*

Mr. Kanelakos also contends that the ALJ should have ordered a

consultative mental examination to supply a medical opinion on the specific issue

of whether his mental impairments affect his functional capacities. Such an

examination is necessary when the "evidence in the record establishes a reasonable

possibility of the existence of a disability and the result of the consultative exam

could reasonably be expected to be of material assistance in resolving the issue of

disability." *Hawkins v. Chater,* 113 F.3d 1162, 1169 (10th Cir. 1997). We leave

the decision whether to order a consultative exam up to the ALJ on remand.

*Compare Hawkins*, 113 F.3d at 1166 ("[T]he Secretary has broad latitude in

ordering consultative examinations."); with 20 C.F.R. § 404.1519a(b) (situations

requiring a consultative examination).[1]

---

[1]    Mr. Kanelakos also asserts error in that reports of two examinations conducted in connection with the VA disability decision (one specifically psychiatric in nature) are missing from the social-security record. We do not consider this argument, which was made for the first time on appeal. *See Jantzen v. Hawkins*, 188 F.3d 1247, 1257 (10th Cir. 1999). On remand, however, the ALJ may wish to obtain these records to fully develop the record. *See Carter v. Chater*, 73 F.3d 1019, 1022 (10th Cir. 1996).

**Physical Impairments**

Mr. Kanelakos asserts error in the ALJ's consideration of his physical impairments. In 1997, Mr. Kanelakos underwent a surgical repair of a right wrist fracture; in 2000, he had a discectomy and fusion to relieve cervical spondylotic radiculopathy. Post-surgery, he reported symptom relief and returned to work. In April 2002, after a job transfer required a 70-mile commute, he again began complaining of neck soreness, spasms, and stiffness. Mr. Kanelakos has been treated for sleep apnea, restless leg syndrome, non-insulin dependent diabetes mellitus, chronic sinusitis, tendonitis or rotator cuff injury to the right shoulder, peripheral neuropathy, and chronic pulmonary obstructive disease.

Against this medical background, the VA rated Mr. Kanelakos' physical disability as 20% for type-two diabetes, 20% for diabetic neuropathy in his upper extremities, 10% for diabetic neuropathy in his lower extremities, and 20% for urinary frequency. Similarly, the ALJ found that many of these physical impairments were severe at step two of the evaluation process. The ALJ determined at step four, however, that Mr. Kanelakos was not disabled because he retained the residual functional capacity (RFC) to perform a wide range of light work, including his past relevant work of computer sales representative and probation officer.

Mr. Kanelakos contends that the ALJ should have provided a full discussion

of the VA disability rating in the context of his physical impairments. In connection with Mr. Kanelakos' mental impairments, we have already decided the ALJ's treatment of the VA determination was inadequate. We see no reason to depart from that conclusion. Any change in the step-two determination on mental impairments would inevitably result in a combination of impairments altering the ALJ's step-four analysis. *See Grogan*, 399 F.3d at 1261 ("[A]t step four," the claimant must show "that the impairment or *combination of impairments* prevents him from performing his past work.") (emphasis added, quotation omitted). The physical impairment issue must also be remanded for the ALJ's further consideration.

## Conclusion

The ALJ's summary treatment of the VA rating decision is inadequate under the standard announced in *Grogan v. Barnhart*, 399 F.3d at 1262-63. This failure to comply with our case law affected the disability analysis as a whole. As a consequence, we do not address the other issues Mr. Kanelakos raises on appeal and we reach no conclusions on the evidentiary merits of his case. The decision of the district court is REVERSED and the case is REMANDED with instructions to remand the case to the Commissioner for further proceedings.

Entered for the Court

Terrence L. O'Brien
Circuit Judge

-8-