FILED
United States Court of Appeals
Tenth Circuit

April 14, 2008

Elisabeth A. Shumaker
Clerk of Court

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MARTHA A. MAES,

        Plaintiff - Appellant,

    v.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

        Defendant - Appellee.

No. 06-6317

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA
(D. Ct. No. CIV-05-156-R)**

---

Gayle L. Troutman, Troutman & Troutman, P.C., Tulsa, Oklahoma, appearing for
Appellant.

Eric B. Tucker, Special Assistant United States Attorney (John C. Richter, United
States Attorney, and Tina M. Waddell, Regional Chief Counsel, Region VI, with
him on the brief), Office of the General Counsel, Social Security Administration,
Dallas, Texas, appearing for Appellee.

---

Before **TACHA**, **McKAY**, and **LUCERO**, Circuit Judges.

---

**TACHA**, Circuit Judge.

---

The Commissioner of the Social Security Administration ("SSA") denied

Plaintiff-Appellant Martha Maes disability insurance benefits under 42 U.S.C. §§ 416(i) and 423. The District Court affirmed. Ms. Maes now appeals that order, arguing that the Administrative Law Judge ("ALJ") failed to fulfill his obligation to develop the record and that the evidence did not support his determination that she did not have a severe mental impairment. We have jurisdiction under 28 U.S.C. § 1291 and REMAND.

## I. BACKGROUND

Ms. Maes filed an application for benefits in February 2002. On the section that asked her to list "the illnesses, injuries or conditions that limit your ability to work," Ms. Maes wrote that she was having trouble walking due to her weight and because she had injured her leg falling. She also stated that she could not concentrate and could not remember words while talking or thinking, and she listed "seizures, depression, leg [and foot] pain, blackouts, falling from equalibrum [sic]" as conditions that limited her ability to work. On the part of the application that asked her to "[t]ell us who may have medical records or other information about your illnesses, injuries or conditions" and to "[l]ist each doctor/HMO/therapist," Ms. Maes gave the name of Dr. J. Shackelford, a doctor she stated had evaluated her for depression. She did not list any other physicians or facilities in that section or anywhere else on the application.

In April, the disability examiner denied Ms. Maes's application; her application was again denied after reconsideration. In June, the SSA appointed

counsel to assist Ms. Maes in her request for a hearing before an ALJ.

The hearing took place one year later in June 2003. Ms. Maes appeared with her attorney and offered her own testimony in support of her application. A medical expert, Dr. Arthur E. Schmidt, M.D., testified at the request of the ALJ. A vocational expert, Jeffrey Owen, also testified at the request of the ALJ. In addition, twenty-three exhibits comprising various medical records—including records from Ms. Maes's neurologist (Dr. Banowetz) and several other of her physicians—and Ms. Maes's own description of her condition were offered in support of her application.

The ALJ denied the application. He made his decision at step four of the sequential evaluation process used to analyze disability claims. *See Sorenson v. Bowen*, 888 F.2d 706, 710 (10th Cir. 1989) (outlining the five-step procedure). At that step, the relevant inquiry is whether the disability claimant is capable of returning to her past relevant work. *See Henrie v. U.S. Dep't of Health & Human Servs.*, 13 F.3d 359, 360 (10th Cir. 1993). The ALJ found that Ms. Maes has a seizure disorder and an affective disorder that qualify as severe impairments, but he found that these impairments do not prevent her from performing her past relevant work as a cashier and general clerk. He therefore denied her application for disability benefits, which became the Secretary's final administrative decision when the Appeals Council denied her request for review. The District Court affirmed the Secretary's denial of benefits, and this appeal followed.

## II. DISCUSSION

The standard of review in a social security appeal is whether the correct legal standards were applied and whether the decision is supported by substantial evidence. *Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1497–98 (10th Cir. 1992). Ms. Maes argues that the District Court erred in affirming the ALJ's determination because the ALJ did not apply the correct legal standards in that he failed to fulfill his statutory and regulatory duty to develop the record. She also contends that this failure undermines the ALJ's determination that she was not disabled.

In making a determination regarding disability, the ALJ "shall develop a complete medical history," which includes a "reasonable effort[]" to obtain records from the claimant's treating physician. 42 U.S.C. § 423(d)(5)(B). Regulations clarify this statutory duty. Specifically, 20 C.F.R. § 404.1512(d) states that "[b]efore we make a determination that you are not disabled, we will develop your complete medical history." That regulation also makes clear, however, that the social security claimant has an obligation to assist the ALJ in its duty:

> (a) General. In general, you have to prove to us that you are blind or disabled. Therefore, you must bring to our attention everything that shows that you are blind or disabled. This means that you must furnish medical and other evidence that we can use to reach conclusions about your medical impairment(s) and, if material to the determination of whether you are blind or disabled, its effect on your ability to work on a sustained basis. We will consider only

impairment(s) you say you have or about which we receive evidence.

. . . .

(c) Your responsibility. You must provide medical evidence showing that you have an impairment(s) and how severe it is during the time you say that you are disabled. You must provide evidence, without redaction, showing how your impairment(s) affects your functioning during the time you say that you are disabled, and any other information that we need to decide your claim.

20 C.F.R. § 404.1512(a), (c).

Given this statute and regulation, we have explained that "[t]he burden to prove disability in a social security case is on the claimant, and to meet this burden, the claimant must furnish medical and other evidence of the existence of the disability." *Branum v. Barnhart,* 385 F.3d 1268, 1271 (10th Cir. 2004). "A social security disability hearing is nonadversarial, however, and the ALJ bears responsibility for ensuring that 'an adequate record is developed during the disability hearing consistent with the issues raised.'" *Id.* (quoting *Henrie*, 13 F.3d at 360–61). Thus, "'[a]n ALJ has the duty to develop the record by obtaining pertinent, available medical records which come to his attention during the course of the hearing.'" *Id.* (quoting *Carter v. Chater*, 73 F.3d 1019, 1022 (10th Cir. 1996)) (alteration in original). Nonetheless, in cases such as this one where the claimant was represented by counsel, "'the ALJ should ordinarily be entitled to rely on the claimant's counsel to structure and present [the] claimant's case in a way that the claimant's claims are adequately explored,' and the ALJ 'may

-5-

ordinarily require counsel to identify the issue or issues requiring further development.'" *Id.* (quoting *Hawkins v. Chater*,113 F.3d 1162, 1167 (10th Cir. 1997)).

In this case, Ms. Maes argues that the ALJ failed to develop the record because he never sought the records of her treating physician, Dr. James Kimball. Ms. Maes did not bring Dr. Kimball to the attention of the ALJ; she did not list him as one of her physicians on her application for benefits and did not mention him in post-application interviews. Dr. Kimball was, however, carbon-copied on certain correspondence from Dr. Banowetz to Ms. Maes, and Dr. Kimball's name appears on a few additional documents in the administrative record. She seeks a remand that would require the ALJ to procure her medical records from him.

We will not remand on this basis. As Ms. Maes was represented by counsel, the ALJ was entitled to rely on counsel's representation of the claims and records that might be involved, and here it is clear to us that counsel made no effort to point out the existence or relevance of Dr. Kimball to the ALJ. It does not appear from the record that counsel himself contacted Dr. Kimball. Counsel did not mention him at the hearing. When the ALJ asked counsel at the hearing whether the record was complete, counsel indicated it was, stating that "as far as I know" the record contained all the evidence that then existed. Moreover, after the hearing, counsel wrote to the ALJ stating that the case was "fully submitted and ready for your decision."

Although the ALJ has the duty to develop the record, such a duty does not permit a claimant, through counsel, to rest on the record—indeed, to exhort the ALJ that the case is ready for decision—and later fault the ALJ for not performing a more exhaustive investigation. *See Branum*, 385 F.3d at 1271–72 (concluding that the ALJ satisfactorily developed the record when the claimant's "counsel did not indicate or suggest to the ALJ that any medical records were missing from the administrative record, nor did counsel ask for the ALJ's assistance in obtaining any additional medical records"). To do so would contravene the principle that the ALJ is not required to act as the claimant's advocate in order to meet his duty to develop the record. *See Henrie*, 13 F.3d at 361. This is especially true where, as here, neither counsel nor the claimant have obtained (or, so far as we can tell, tried to obtain) for themselves the records about which they now complain—suggesting that counsel has abandoned his role as advocate in favor of relegating that responsibility to the ALJ.[1] In short, we will not ordinarily reverse or remand for failure to develop the record when a claimant is represented by counsel who affirmatively submits to the ALJ that the record is complete. This is particularly the case when the missing medical records are not obvious from the administrative record or otherwise brought to the

---

[1]Other courts refuse to reverse or remand in such a case because the claimant is unable to show how the failure to obtain the records was prejudicial. *See, e.g.*, *Shannon v. Chater*, 54 F.3d 484, 488 (8th Cir. 1995). This Circuit, however, has not grafted an element of prejudice onto the governing analysis.

attention of the ALJ.  Because the records' existence and significance were not brought to the attention of the ALJ and counsel affirmatively indicated the record was complete, the ALJ did not have a duty to obtain Dr. Kimball's records.

That said, we do think the ALJ had a duty to recontact medical sources to supplement or clarify the evidence concerning Ms. Maes's alleged mental impairment.  Under 20 C.F.R. § 404.1512(e), the ALJ generally must recontact the claimant's medical sources for additional information when the record evidence is inadequate to determine whether the claimant is disabled.  Put another way, when the ALJ considers an issue that is apparent from the record, he has a duty of inquiry and factual development with respect to that issue.  *See Grogan v. Barnhart*, 399 F.3d 1257, 1263–64 (10th Cir. 2005).  Here, the ALJ noted that the record shows that Ms. Maes was prescribed medication used to treat depression prior to her date last insured, but the record does not contain evidence demonstrating that Ms. Maes was specifically diagnosed with or treated for depression or another mental condition.[2]  Based on this lack of evidence, the ALJ

---

[2]At the disability hearing, counsel for Ms. Maes questioned the ALJ's medical expert about this evidence.  Referencing a January 2000 report from Dr. Banowetz, counsel asked the expert about Ms. Maes's prescription for Prozac and whether that would indicate Ms. Maes was then suffering from depression.  The expert acknowledged the prescription but also stated he could not offer an opinion as to why it had been prescribed because the record was silent on the point—according to the expert, "there's nothing in the record to say why she was taking it."  The expert also testified that although Dr. Shackelford's records showed that Ms. Maes had been diagnosed with major depression after her date last insured, the record did not contain a formal mental evaluation that would

(continued...)

determined that Ms. Maes was not disabled during the relevant period.

This evidence, however, is an inadequate basis for a determination—one way or the other—as to Ms. Maes's alleged disability. The medication could have been prescribed because Ms. Maes was suffering from a severe mental impairment, or it could have been prescribed for a mild condition. Thus, § 404.1512(e) requires the ALJ to seek additional available records that may clarify the extent of the alleged disability. Without that clarification, we cannot say that the ALJ's determination was supported by substantial evidence. We therefore must remand with instructions to seek additional evidence or clarification regarding Ms. Maes's alleged mental impairment.

### III. CONCLUSION

For the foregoing reasons, we REMAND for further proceedings not inconsistent with this opinion.

---

[2](...continued)
have clarified the outset of the depression or the extent to which her depression (if it was manifest prior to her date last insured) might qualify as a disability.