**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 20, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ANITA RIVERA,

      Plaintiff - Appellant,

v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

      Defendant - Appellee.

No. 14-1516
(D.C. No. 1:13-CV-01890-WJM)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **PORFILIO**, and **PHILLIPS**, Circuit Judges.
_____

Anita Rivera appeals the district court's order upholding the decision of an

administrative law judge (ALJ) to deny her application for social security benefits.

We affirm.

**I. Background**

Rivera applied for disability insurance benefits and supplemental security

income. She claimed that, beginning June 1, 2007, she became unable to work due to

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

anxiety, depression, social phobia, and mental distress. Following a hearing, the ALJ found that Rivera was not disabled within the meaning of the Social Security Act and denied her application. The district court affirmed the ALJ's decision.

On appeal, Rivera argues the ALJ erred when he denied her application. Specifically, she claims the ALJ improperly weighed the opinions of two psychiatrists and posed inadequate hypothetical questions to a vocational expert (VE). We reject these claims in turn.

## II. Standard of Review

The applicant in a social security case bears the burden to prove a qualifying disability. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008). While we review the district court's ruling de novo, *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009), our review of the ALJ's decision is limited to determining whether the ALJ correctly applied the law and whether substantial evidence supports the ALJ's findings, *see Knight ex rel. P.K. v. Colvin*, 756 F.3d 1171, 1175 (10th Cir. 2014). Evidence is substantial if a reasonable mind might accept it as adequate to support a conclusion. *Wall*, 561 F.3d at 1052. "It requires more than a scintilla, but less than a preponderance." *Id*. (internal quotation marks omitted). "[E]vidence is not substantial if it is overwhelmed by other evidence in the record." *Id*. (internal quotation marks omitted).

We do not reweigh the evidence before the ALJ or substitute our judgment for the ALJ's. *Knight*, 756 F.3d at 1175. Likewise, where the evidence supports contrary findings, we will not disturb the ALJ's choice between them even if we

2

would have made a different decision. *Oldham v. Astrue*, 509 F.3d 1254, 1257-58 (10th Cir. 2007).

Finally, we review only issues that were properly preserved in the district court and adequately presented on appeal. *Krauser v. Astrue*, 638 F.3d 1324, 1326 (10th Cir. 2011).

### III. The ALJ Properly Weighed the Psychiatrists' Opinions

After Rivera applied for social security benefits, she met with psychiatrist Stuart Kutz, who conducted a mental status examination. Dr. Kutz diagnosed Rivera with panic disorder with agoraphobia, post-traumatic stress disorder, depressive disorder, a history of alcohol dependence, and cannabis abuse. He concluded that "[r]elative to a competitive work setting throughout the day, [Rivera's] attention/concentration, persistence and pace in task completion, and social adaptation all would be moderately to markedly impaired. Her understanding and memory seem perhaps mildly to moderately impaired." Aplt. App., Vol. 2 at 359.

A few weeks later, Dr. Arthur Lewy, a psychiatrist with Disability Determination Services (DDS), reviewed Dr. Kutz's report and the rest of Rivera's available records. He concluded that, despite her impairments, Rivera could understand and remember simple instructions, tolerate brief interactions with the public, "accept supervision d[el]ivered in a normative fashion," and get along with coworkers. *Id.*, Vol. 1 at 79-80.

In assessing Rivera's residual functional capacity (RFC), the ALJ accepted Dr. Kutz's diagnosis, but gave more weight to Dr. Lewy's opinion of Rivera's mental

limitations. Consistent with Dr. Lewy's opinion, the ALJ found that Rivera could understand, remember, and carry out simple instructions and that she could occasionally interact with supervisors and coworkers, but not the public.[1] Rivera claims the ALJ erred by giving more weight to Dr. Lewy's opinion than to Dr. Kutz's opinion. Because the ALJ correctly applied the law and substantial evidence supports his findings, we disagree.

An ALJ must consider six factors to determine what weight to give a medical opinion: (1) the examining relationship between the physician and the applicant; (2) the length, nature, and extent of their treatment relationship; (3) the strength of the evidence supporting the opinion; (4) the consistency of the opinion with the record as a whole; (5) the physician's specialty; and (6) any other factors, such as the physician's familiarity with disability programs and the extent of his familiarity with other information in the record, that tend to support or contradict the opinion. *See* 20 C.F.R. §§ 404.1527(c), 416.927(c); *Goatcher v. U.S. Dep't of Health & Human Servs.*, 52 F.3d 288, 290 (10th Cir. 1995).

Here, the ALJ did not discuss all the factors, but he cited them, and his decision was specific enough for us to determine what weight he gave the opinions and why. *See Oldham*, 509 F.3d at 1258 (stating that the ALJ need not explicitly discuss all the factors if his decision is "sufficiently specific to make clear to any

---

[1] The ALJ also found that Rivera had the residual functional capacity to perform light exertional work. Specifically, she could lift and carry up to twenty pounds, sit for two hours, stand for three hours, and walk for thirty minutes. Rivera does not challenge these conclusions.

4

subsequent reviewers the weight [he] gave to the . . . medical opinion and the reasons for that weight" (internal quotation marks and citations omitted)).  The ALJ gave Dr. Lewy's opinion more weight because he found it was most consistent with the record as a whole and because Dr. Lewy reviewed the available medical records, whereas Dr. Kutz relied at least in part on Rivera's subjective description of her symptoms, which the ALJ found unreliable.  The ALJ also noted that DDS psychiatrists like Dr. Lewy are "highly qualified experts in Social Security disability evaluation."  Aplt. App., Vol. 1 at 15.  Substantial evidence supports these findings.

The ALJ identified several ways in which Dr. Lewy's opinion was consistent with other evidence.  Rivera acknowledged in her disability application and testimony that she stopped working in June 2007 not because of any physical or mental limitations, but because her contract expired.  According to her medical records, doctors first suspected she may have an anxiety disorder nearly two years later.  In response to questions in her disability application, Rivera said she cooks her own meals, cleans her house, does laundry, mows her lawn, and pulls weeds.  She said she shops for groceries, clothes, and medication about once a month, and explained that she generally takes public transportation even though crowds make her uncomfortable.  When asked about her hobbies, Rivera said she reads, crochets, walks in the park, goes to movies, and talks to her family on the phone.  Rivera also noted that she helps her sister-in-law by shopping for her and cleaning her house.  In short, the ALJ properly determined that the record as a whole supports Dr. Lewy's

5

conclusion that that Rivera's mental health problems, while not insignificant, were not debilitating.

Rivera argues the ALJ should have given Dr. Kutz's opinion greater weight because, unlike Dr. Lewy, Dr. Kutz personally examined her. While it is true that an ALJ should generally give more weight to the opinion of an examining physician, *see* 20 C.F.R. §§ 404.1527(c)(1), 416.927(c)(1), the ALJ may also consider whether a given physician is more familiar with other information in the record, *see id*. §§ 404.1527(c)(6), 416.927(c)(6). Here, the ALJ explained that he gave less weight to Dr. Kutz's opinion because Dr. Kutz examined Rivera only once and relied on her subjective complaints, which the ALJ found were incredible,[2] rather than the more objective information contained in Rivera's medical records. Although it appears Dr. Kutz did, in fact, review some of Rivera's records, he made numerous references to Rivera's description of her symptoms in his report, suggesting he also relied on her statements. In contrast, Dr. Lewy's report shows that he based his opinion solely on the information contained in Rivera's records.[3] In weighing their opinions, it was entirely appropriate for the ALJ to consider where Dr. Lewy and Dr. Kutz got their information. *See Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007)

---

[2] Rivera does not challenge the ALJ's credibility determination.

[3] Rivera suggests Dr. Lewy did not review all records that existed at the time of his report. Exactly which records Dr. Lewy examined is beyond the scope of our review. For our purposes, it is sufficient that substantial evidence supports the ALJ's determination that Dr. Lewy reviewed Rivera's records (which is clear from his report) and based his opinion on the information therein rather than on Rivera's subjective complaints.

(concluding the ALJ properly gave no weight to a physician's opinion because he met with the claimant only once, he relied on her subjective report, and his opinion was not supported by the evidence). To the extent Rivera asks us to reweigh the evidence, we cannot do so. *See Knight*, 756 F.3d at 1175.

Additionally, the ALJ properly considered Dr. Lewy's expertise in evaluating social security claims as a DDS psychologist. *See* 20 C.F.R. §§ 404.1527(c)(6), 416.927(c)(6) (providing that, when weighing opinions, an ALJ may consider "the amount of understanding of [the Social Security Administration's] disability programs and their evidentiary requirements that an acceptable medical source has"); *id*. §§ 404.1527(e)(2)(i), 416.927(e)(2)(i) (stating that agency psychologists are "highly qualified" psychologists "who are also experts in Social Security disability evaluation").

In sum, the ALJ correctly applied the law, and substantial evidence supports his decision to give the greatest weight to Dr. Lewy's opinion.

## IV. The ALJ Posed Sufficient Hypothetical Questions to the VE

In finding Rivera was not disabled, the ALJ relied on the VE's opinion that someone with Rivera's RFC was capable of performing her past work. Rivera argues that the VE's opinion was insufficient to support the ALJ's finding because the ALJ

failed to advise the VE of all of Rivera's work-related limitations.[4] Assuming this claim is sufficient to warrant appellate review,[5] we see no error.

The ALJ elicited the VE's opinion on Rivera's ability to perform her past work by asking hypothetical questions. In general, hypothetical questions are sufficient if they include all of the limitations the ALJ found in his assessment of the claimant's RFC. *See Qualls v. Apfel*, 206 F.3d 1368, 1373 (10th Cir. 2000). Here, the ALJ found that Rivera had the RFC to perform light exertional work, and that she could lift and carry up to twenty pounds, sit for two hours, stand for three hours, and walk for thirty minutes. He also found that Rivera could understand, remember, and carry out simple instructions, and that she could occasionally interact with supervisors and coworkers, but should have no contact with the public. The ALJ included all of these limitations in his hypothetical questions to the VE. Aplt. App., Vol. 1 at 63. The VE's answer was therefore sufficient to support the ALJ's disability decision. *See Qualls*, 206 F.3d at 1373.

---

[4] Rivera challenges only the sufficiency of the ALJ's hypothetical questions, not the extent of the ALJ's reliance on the VE's testimony. *See Winfrey v. Chater*, 92 F.3d 1017, 1024-25 (10th Cir. 1996).

[5] Rivera failed to identify the additional limitations she believes should have been included in the ALJ's questions. "Perfunctory complaints that fail to frame and develop an issue are not sufficient to invoke appellate review." *Femedeer v. Haun*, 227 F.3d 1244, 1255 (10th Cir. 2000) (brackets omitted). Nevertheless, the district court assumed Rivera referred to limitations contained in medical opinions other than Dr. Lewy's and ruled on Rivera's claim. We do the same.

**V. Conclusion**

We affirm the district court's order.

Entered for the Court


Gregory A. Phillips
Circuit Judge