FILED
United States Court of Appeals
Tenth Circuit

March 2, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MARY D. BEARD,

    Plaintiff - Appellant,

v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

    Defendant - Appellee.

No. 15-1105
(D.C. No. 1:14-CV-00741-MEH-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **BALDOCK**, and **HOLMES**, Circuit Judges.
_____

Mary D. Beard appeals a decision by the Commissioner of Social Security

denying her application for benefits. We reverse and remand.

## I. Background

Ms. Beard applied for disability insurance benefits and supplemental security

income, claiming that physical and mental disabilities left her unable to work. An

administrative law judge (ALJ) denied Ms. Beard's claim at the fifth step in the

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

disability-determination process. *See Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (summarizing the five-step process). At step two the ALJ found that Ms. Beard had a severe impairment: depressive disorder. At step four she found that Ms. Beard had the residual functional capacity (RFC) "to perform medium work . . . with an SVP [specific-vocational-preparation level] of three or less, that does not require more than occasional interaction with supervisors, coworkers, or the general public," Admin. R. Vol. I at 15, which meant Ms. Beard was unable to perform her past relevant work. And at step five the ALJ found that Ms. Beard was not disabled despite her limitations because she could do other work existing in significant numbers in the national economy. The appeals council denied review and the district court affirmed.

On appeal Ms. Beard argues that the ALJ's RFC determination was flawed because the ALJ improperly rejected the November 2010 opinion of Dr. Carlos Rodriguez, a psychologist who examined Ms. Beard twice and concluded that her depression significantly impaired her ability to work.

## II. Standard of Review

It is a social security claimant's burden to prove she is disabled. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008). We review the district court's ruling de novo, but independently determine whether the ALJ correctly applied the law and whether substantial evidence supports the ALJ's findings. *See Wall*, 561 F.3d at 1052.

### III. ALJ Rejection of Dr. Rodriguez's Opinion

Dr. Rodriguez examined Ms. Beard for the second time in November 2010. After conducting a diagnostic interview and administering the Folstein Mini-Mental Status Examination, he diagnosed Ms. Beard with major depression, grief reaction, anxiety disorder, and alcohol abuse, and gave her a global assessment of functioning (GAF) score of 40.[1]  He concluded that Ms. Beard's "ability to engage in basic work related activities including understanding, memory, sustained concentration, persistence and pace, social interaction, and adaptation [was] significantly impaired."  Admin. R. Vol. II at 311.  Dr. Rodriguez also completed a mental RFC form indicating that Ms. Beard had marked or extreme limitations in all 20 areas of work-related functioning.

Nevertheless, the ALJ gave "no weight to Dr. Rodriguez's opinion" in determining Ms. Beard's RFC.  Admin. R. Vol. I at 19.  The ALJ explained:

> [A] GAF of 40 would indicate[] that the claimant had some impairment in reality testing or communication, or major impairment in several areas, such as work or school, family relations, judgment, or mood.  This opinion is not supported by Dr. Rodriguez's findings during his evaluation.  For example, Dr. Rodriguez noted that the claimant presented an appropriate attitude towards the evaluation procedure.  She presented with no obvious expressive speech deficits or obvious sensory visual difficulties.  Rapport was established and she talked to Dr. Rodriguez freely.  She did not display any bizarre behaviors during this evaluation procedure.

---

[1] A GAF score is a clinician's determination on a scale of 1 to 100 of an individual's overall level of functioning.  *See Langley v. Barnhart*, 373 F.3d 1116, 1122 n.3 (10th Cir. 2004) (citing Am. Psychiatric Ass'n, *Diagnostic and Statistical Manual of Mental Disorders* 32 (Text Revision 4th ed. 2000)).

*Id.*

Ms. Beard argues that even if some of Dr. Rodriguez's observations were inconsistent with the GAF score, the ALJ erred by discussing only the inconsistent observations and ignoring Dr. Rodriguez's findings that supported his opinion. We agree that the ALJ did not provide sufficient explanation for rejecting his opinion. Although an ALJ need not discuss every piece of evidence, she must discuss "any uncontroverted evidence [s]he chooses not to rely on, as well as significantly probative evidence [s]he rejects." *Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir. 1996). At the least, Dr. Rodriguez's opinion was significantly probative.

Yet the ALJ discussed only a fraction of Dr. Rodriguez's report before rejecting his opinion entirely. She ignored Dr. Rodriguez's findings that Ms. Beard's ability to engage in basic work-related activities was significantly impaired and that she had marked or extreme limitations in all areas of work-related functioning. In particular, she ignored his Folstein assessment. Having found Ms. Beard not credible, the ALJ could discount Dr. Rodriguez's findings to the extent that they relied on what Ms. Beard had told him; but the ALJ gave no reason for rejecting the objective assessment.

Also, the ALJ appears to have incorporated at least some of Dr. Rodriguez's findings in her RFC determination. She found that Ms. Beard should have no "more than occasional interaction with supervisors, coworkers, or the general public." Admin. R. Vol. I at 15. Yet the only source in the record that sets out this limitation appears to be Dr. Rodriguez's report. An ALJ may not accept part of a medical

4

opinion and discount the rest without explaining "why one part of [the] opinion was creditable and the rest was not." *Chapo v. Astrue*, 682 F.3d 1285, 1292 (10th Cir. 2012).

We therefore must remand for either adoption of Dr. Rodriguez's opinions or an explanation of why they are rejected.[2] *See* 20 C.F.R. §§ 404.1527(c); 404.1520a; 416.927(c); 416.920a.

## IV. Conclusion

The judgment of the district court is reversed and the case is remanded with directions to remand to the Commissioner for further proceedings consistent with this order and judgment.

Entered for the Court


Harris L Hartz
Circuit Judge

---

[2] Because we reverse and remand on this ground, we do not address Ms. Beard's other arguments.