FILED
United States Court of Appeals
Tenth Circuit

March 15, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MITCHELL BRADLEY,

    Plaintiff - Appellant,

v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security
Administration,

    Defendant - Appellee.

No. 15-6137
(D.C. No. 5:14-CV-00498-L)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **LUCERO**, and **McHUGH**, Circuit Judges.
_____

Mitchell Bradley appeals a decision by the Commissioner of Social Security

denying his application for benefits. We affirm.

**I. Background**

Bradley applied for disability insurance benefits and supplemental security

income, claiming a variety of impairments left him unable to work. An

administrative law judge (ALJ) evaluated Bradley's claim using the five-step

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

disability determination process. *See Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (summarizing the five-step process). At the second step, the ALJ found Bradley had severe impairments, including "status post cervical surgery with hardware, degenerative disc disease of the lumbar spine, depression, anxiety, and polysubstance abuse in remission"; and several nonsevere impairments, namely, "status post third metacarpal shaft fracture, bilateral carpal tunnel syndrome and status post right carpal tunnel release, shoulder pain, obesity, and infective otitis externa." Aplt. App., Vol. I at 63. The ALJ determined at the fourth step that Bradley had the residual functional capacity (RFC) "to perform light work . . . no more than SVP 2 . . . [but could only] occasionally stoop, kneel, and crouch." *Id*. at 67. The ALJ found that Bradley could not perform his past relevant work, but nonetheless denied his claim at the fifth step because Bradley could do other work existing in significant numbers in the national economy.

The Appeals Council denied review and, upon a magistrate judge's recommendation, the district court affirmed.

On appeal to this court, Bradley claims the ALJ's RFC determination was flawed because he (1) improperly evaluated Bradley's credibility; (2) incorrectly weighed the various medical opinions; and (3) failed to consider Bradley's cervical impairments, lumbar impairments, and hand impairments.

## II. Standard of Review

It is a social security claimant's burden to prove he is disabled. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008). We review the district court's ruling

2

de novo, but independently determine whether the ALJ correctly applied the law and whether substantial evidence supports the ALJ's findings. *Wall*, 561 F.3d at 1052.

### III. Waived Claims

The Commissioner argues that Bradley waived most of his claims by failing to raise them to the magistrate judge or in his objections to the magistrate judge's report and recommendation. We agree.

"[W]aiver principles developed in other litigation contexts are equally applicable to social security cases." *Berna v. Chater*, 101 F.3d 631, 632 (10th Cir. 1996) (internal quotation marks omitted). As a result, a claimant's failure to raise an issue to the magistrate judge or in his objections to the magistrate judge's recommendation may preclude him from raising the issue on appeal. *Id*. at 632-33.

Bradley did not raise his challenges to the ALJ's weighing of medical opinions and assessment of his cervical and lumbar impairments to the magistrate judge, and therefore waived these claims on appeal. *See ClearOne Commc'ns, Inc. v. Biamp Sys.*, 653 F.3d 1163, 1185 (10th Cir. 2011); *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996). Likewise, Bradley waived his claim that the ALJ improperly evaluated his credibility by not raising the issue in his objections to the magistrate judge's report and recommendation.[1] *See Soliz v. Chater*, 82 F.3d 373, 375-76 (10th Cir. 1996).

---

[1] Bradley does not argue that an exception to this firm waiver rule applies. *See In re Key Energy Res. Inc.*, 230 F.3d 1197, 1200 (10th Cir. 2000). In fact, he neither addressed the waiver issue in his opening brief nor filed a reply brief in response to the Commissioner's argument.

This leaves only one issue for us to review: whether the ALJ properly considered Bradley's hand impairments in assessing his RFC.

## IV. Consideration of Hand Impairments

Bradley argues the ALJ erred by failing to consider his hand impairments, particularly carpal tunnel syndrome, in determining his RFC. We disagree.

When assessing a claimant's RFC, the ALJ must consider all the relevant evidence in the record. *See* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). This includes evidence of all medically determinable impairments, even those that are not severe. *Id*. §§ 404.1545(a)(2), 416.945(a)(2). But while the record must show the ALJ considered all the evidence, he is not required to discuss every piece. *Mays v. Colvin*, 739 F.3d 569, 576 (10th Cir. 2014).

Here, the ALJ discussed Bradley's hand impairments in detail at the second step in the analysis. The ALJ noted Bradley had suffered a third metacarpal shaft fracture in his right hand, but concluded the impairment was not severe because Bradley had corrective surgery and did not seek ongoing treatment. The ALJ also recognized that Bradley had been diagnosed with bilateral carpal tunnel syndrome, but that a subsequent examination revealed normal hand skills, normal fine tactile manipulation of objects, and no objective signs of carpal tunnel syndrome at all. The ALJ determined this was not a severe impairment because Bradley had undergone a carpal tunnel release, after which there was no record of ongoing treatment. This discussion shows the ALJ considered Bradley's hand impairments in his decision.

4

Bradley claims the ALJ erred by failing to discuss his hand impairments again at the fourth step when the ALJ determined his RFC, but we disagree. The ALJ recognized his obligation at this step to consider all "impairments, including impairments that are not severe." Aplt. App., Vol. I at 62. And the ALJ said he took into account "the entire record" and "all symptoms" in determining Bradley's RFC. *Id*. at 67. It is clear this included Bradley's hand impairments because the ALJ discussed them in detail earlier in the decision. Moreover, when "the ALJ indicates he has considered all the evidence our practice is to take the ALJ at his word." *Wall*, 561 F.3d at 1070 (brackets and internal quotation marks omitted). Because the record shows the ALJ considered Bradley's hand impairments in determining his RFC, the ALJ's failure to specifically discuss them at the fourth step does not require reversal. *See Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012) ("merely technical omissions in the ALJ's reasoning do not dictate reversal").

### V. Conclusion

We affirm the district court's ruling.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

5