**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 31, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DAGMAR MARIE TODOROVA,

　　　Plaintiff - Appellant,

v.

COMMISSIONER, SSA,

　　　Defendant - Appellee.

No. 18-2082
(D.C. No. 1:17-CV-00551-KRS)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **McHUGH**, **BALDOCK**, and **O'BRIEN**, Circuit Judges.
_____

Dagmar Marie Todorova appeals pro se from a district court order that affirmed

the denial of her application for social security disability insurance benefits (SSDIB).

Exercising jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g), we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

BACKGROUND

Todorova has a college education and has worked as an accountant and a controller. She suffers from mitral stenosis,[1] mitral valve replacement surgery in 2000, and reflex sympathetic dystrophy (RSD).[2] To manage her medical conditions, she takes prescription medications to prevent blood clotting and to lower her cholesterol and blood pressure, as well as over-the-counter pain medications.

In 2013, Todorova applied for SSDIB, claiming her disability began in September 2004, at the age of fifty-one, and continued through her last-insured date of December 2009. After her application was denied, she sought review before an administrative law judge (ALJ).

At a hearing, Todorova appeared pro se and identified her "big problem [a]s the RSD" affecting her left foot, which, she said, was diagnosed in 1993 and has required the use of crutches and a cane for ambulation. R. at 43-45, 171. When discussing her accounting career, she said she could not "do it anymore . . . because after [her heart] surgery [she developed a brain abscess and]. . . lost almost more than 60 percent of [her] brain power." *Id.* at 46, 172.

The ALJ determined that none of Todorova's impairments, singularly or in combination, was severe. The ALJ acknowledged that Todorova's impairments could

---

[1] Mitral stenosis is a "pathologic narrowing of the orifice of the mitral [heart] valve." Stedman's Medical Dictionary 1695 (27th ed. 2000).

[2] RSD "is also known as complex regional pain syndrome, and it occurs after an illness or injury such as surgery or an infection." R. at 354-55.

produce the symptoms she alleged, but not to the degree she claimed. The ALJ explained that the minimal medical record during Todorova's period of disability showed no functional limitations and few medication side effects. Indeed, during the only medical appointment shown for that period, in December 2007, Todorova's cardiologist wrote that she "appear[ed] to have done quite well 7 years after mitral valve surgery," with well-controlled blood pressure, normal sinus rhythm, and normal balance, gait, and coordination. *Id.* at 291. The cardiologist advised yearly prophylactic examinations and the continued use of blood-thinning medication. Further, the ALJ cited Todorova's own function report, which indicated she could perform various light household chores, shop for groceries once a week, and walk a half-mile before resting.

Finally, the ALJ cited the opinions of two State agency medical consultants. The initial consultant noted the dearth of medical records from Todorova's disability period (2004-2009), and he concluded there was "insufficient evidence to evaluate the claim." *Id.* at 58. A different consultant on reconsideration obtained more medical records, but he "affirmed the initial assessment," stating there was not "sufficient functional evidence in light of [Todorova's] allegations to evaluate [her] claim for the relevant period." *Id.* at 64. In particular, the reconsideration consultant observed, "[t]here [wa]s no evidence of treatment for, or functional limitations related to, [RSD] . . . during the relevant period of evaluation," and the "one cardiology visit on 12/26/07 . . . finds [Todorova] doing quite well." *Id.* at 65.

After the ALJ found Todorova not disabled, she retained counsel and sought judicial review to overturn the ALJ's decision. She argued that the ALJ erred in (1)

3

finding her impairments not severe, (2) not developing her medical record, and (3) finding her not entirely credible. The district court affirmed the ALJ's decision. Todorova appeals.

## DISCUSSION
## I. Standards of Review

We review the district court's decision de novo, independently determining whether the ALJ correctly applied the law and whether substantial evidence supports his findings. *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009). "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007) (internal quotation marks omitted).[3] Because Todorova is pro se, we liberally construe her filings, but we do not act as her advocate. *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

## II. Severe Impairment

Todorova challenges the ALJ's determination that she is not disabled because she lacks a severe impairment. We discern no reversible error.

"If the claimant has no severe impairments, the [ALJ] can end the review" process. *Smith v. Colvin*, 821 F.3d 1264, 1266 (10th Cir. 2016). An impairment is "not severe" when the "medical evidence establishes only a slight abnormality or a

---

[3] Insofar as Todorova seeks "Judicial review by this Court with medical professional staff's opinion," Aplt. Opening Br. at 4, she misapprehends this court's role on appeal. In reviewing the ALJ's decision, "we neither reweigh the evidence nor substitute our judgment for that of the agency." *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (internal quotation marks omitted).

combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work." *Bowen v. Yuckert*, 482 U.S. 137, 154 n.12 (1987) (internal quotation marks omitted). In other words, "[a]n impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1522(a). To find that a claimant is not severely impaired, an ALJ must "careful[ly] evaluat[e] . . . the medical findings which describe the impairment(s) and [make] an informed judgment about its (their) limiting effects on the individual's physical and mental ability(ies) to perform basic work activities." SSR 85-28, 1985 WL 56856, at *4.

In Todorova's case, the ALJ performed a proper severity analysis, and his finding of no severe impairment(s) is supported by substantial evidence. Indeed, as noted above, the ALJ discussed Todorova's medical records from the relevant period, referenced the medical consultants' opinions, and relied on Todorova's own characterization of her activities. Doing so, the ALJ found no evidence that she was significantly limited in her ability to perform basic work activities during the 2004-2009 disability period.

Todorova contests the ALJ's severity determination by claiming "clear proof of [the] [C]ommissioner's fabricating mind." Aplt. Opening Br. at 3. According to Todorova, the Commissioner misstated that (1) she was taking the anticoagulant medication Coumadin only in 2003-2004, and (2) she walks with a normal gait. *Id.* Todorova's claims are unfounded. First, in regard to Todorova's use of Coumadin, the ALJ accurately observed that "although [she] was on Coumadin therapy in 2003 and 2004, there is no evidence [she] experienced any prolonged symptoms or limitation from

this treatment." R. at 31. Moreover, the ALJ observed that Todorova's cardiologist in 2007 "referred [her] to a Coumadin clinic." *Id.* Second, regarding Todorova's gait, the ALJ correctly noted that her cardiologist reported her gait was normal. Thus, the ALJ's observations are supported by substantial evidence.

Todorova points out that the ALJ mistakenly reported "[s]he is able to prepare and cook daily meals," *id.*, despite her statement that she could prepare meals only "2 times a week," *id.* at 165. Further, Todorova notes that the ALJ failed to acknowledge she is able to shop for groceries "only because her husband drives [her] to the store," Aplt. Opening Br. at 2. But minor factual discrepancies such as these do not serve as a basis for reversal where, as here, the ALJ's decision is otherwise supported by substantial evidence. *See Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004) (stating that errors "minor enough not to undermine confidence in the determination of the case" do not warrant remand (internal quotation marks omitted)).

### III. Record Development

Todorova contends generally on appeal that the ALJ failed to adequately develop the record. She explained in the district court that the ALJ should have (1) focused her testimony on "the years prior to 2009 [her last insured date]"; (2) asked "for specific evidence of how her cognitive functioning affects her"; (3) obtained records about her RSD that preceded her disability onset date by as much as a decade; and (4) ordered a consultative examination. R. at 353-56.

A social-security claimant bears the burden of proving she is disabled, *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008), while an ALJ must "ensure that an

6

adequate record is developed during the disability hearing consistent with the issues raised," *Cowan v. Astrue*, 552 F.3d 1182, 1187 (10th Cir. 2008) (internal quotation marks omitted). The ALJ's "duty is heightened when the claimant is unrepresented." *Cowan*, 552 F.3d at 1187 (internal quotation marks omitted).

We conclude that the ALJ met her record obligations in this case. First, the ALJ clearly explained to Todorova that the critical time period for showing that she was disabled was the period from her alleged onset date of 2004 to her last insured date of 2009. *See Henrie v. U.S. Dep't of Health & Human Servs.*, 13 F.3d 359, 360 (10th Cir. 1993).

Second, although Todorova mentioned a loss of "brain power" at the hearing, she did not claim any sort of cognitive disability in her SSDIB application. "Isolated and unsupported comments by the claimant are insufficient, by themselves, to raise the suspicion of the existence of a nonexertional impairment" that requires further investigation. *Hawkins v. Chater*, 113 F.3d 1162, 1167 (10th Cir. 1997).

Third, development of a claimant's medical record generally involves "at least the 12 months preceding" the claimant's disability application, 20 C.F.R. § 404.1512(b)(1), or the last-insured date, *id.* § 404.1512(b)(1)(ii). An earlier period, such as the 1993 timeframe of Todorova's RSD diagnosis, may be developed if "there is a reason to believe that development . . . is necessary." *Id.* § 404.1512(b)(1). But given Todorova's description of her daily activities, her continuing to work for over a decade after her RSD diagnosis, and her cardiologist's 2007 observation that she exhibited normal balance,

7

gait, and coordination, the ALJ could reasonably have concluded that record development for the 1993 period was unnecessary.[4]

Fourth, an ALJ "has broad latitude" in determining whether to order a consultative examination. *Hawkins*, 113 F.3d at 1166. Although a consultative examination may be required if there is a direct conflict in the medical evidence, the medical evidence is inconclusive, or "additional tests [we]re required to explain a diagnosis," *id.*, there were no such circumstances here. Indeed, there is no need for a consultative examination where the ALJ had enough information to make a disability determination. *See Cowan*, 552 F.3d at 1187 (concluding that "sufficient information existed for the ALJ to make her disability determination" without ordering a consultative examination concerning claimant's mental impairment).

## IV. Credibility

"Credibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence."

---

[4] We note that Todorova has not identified any omitted records for the period from her disability-onset date to her last-insured date. She has, however, attached to her opening appellate brief a 2018 letter from a medical provider indicating that in 2006 "she established as a new patient for anticoagulation therapy" and was "followed for Hypertension and Hyperlipidemia, for which she takes medications." Aplt. Opening Br. at 7. Also attached to the brief are six pages of medical records from the 1992-1993 period, reflecting (1) diagnoses of a heart infection, brain abscess, and RSD; and (2) physical therapy for her RSD. The Appeals Council apparently considered some, if not all, of this evidence and concluded it did not provide a basis to overturn the ALJ's decision. We conclude that remand for consideration of this evidence is not warranted. Specifically, there is no indication that "the [ALJ's] decision might reasonably have been different had the new evidence been before him when his decision was rendered." *Wilson v. Astrue*, 602 F.3d 1136, 1148 (10th Cir. 2010) (brackets and internal quotation marks omitted).

*Newbold v. Colvin*, 718 F.3d 1257, 1267 (10th Cir. 2013) (internal quotation marks omitted). Here, the ALJ reviewed the record medical evidence and substantiated his conclusion that Todorova's description of her limitations was not entirely consistent with the record evidence. Todorova provides no contrary argument. Her challenge to the ALJ's credibility determination is, therefore, waived. *See Coleman v. B-G Maint. Mgmt. of Colo., Inc.*, 108 F.3d 1199, 1205 (10th Cir. 1997) ("Issues not raised in the opening brief are deemed abandoned or waived.").

## CONCLUSION

The district court's judgment is affirmed.

Entered for the Court


Carolyn B. McHugh
Circuit Judge